Learned counsel for plaintiff assign as principal error in our opinion the holding that the defendant had taken corporeal possession of the land by fencing it some forty or fifty years ago, and that it was not necessary for him to show that the property remained continuously enclosed for thirty years in order for him to acquire ownership of the land by the prescription of thirty years. We held that the enclosure of the land by having the lines run and a fence placed around it was such corporeal possession as is required by Article 3501 of the Civil Code, and this corporeal possession having thus begun, it was not necessary for the possessor to show that he kept the land under fence for thirty years, but, as this article of the Code clearly states, if that possession was not interrupted, he could and did preserve that possession by external and public signs, announcing his intention to preserve his possession, and these external and public signs were shown in the old wire and posts, remains of this fence, in his use of the land for pasturage, in cutting timber on the land, paying taxes on it, and in exercising the usual and customary acts of ownership over the land for more than thirty years, with no adverse claims by anyone.
Articles 3499-3505 of the Civil Code relate to the prescription of thirty years and we find nothing in them which requires possession of land by enclosure for thirty years to acquire ownership by this prescription. In fact, Article 3502 specifically states that a man may retain the civil possession of an estate, sufficient to prescribe, so long as there remains on it any vestiges of works erected by him; as, for example, the ruins of a house. And Article 3503 limits the land acquired by this kind of prescription to that which has been actually possessed by the person pleading it. There is nothing said or implied in these articles that in order to possess, the land must be enclosed for the entire time, or for that matter, that it must be enclosed at all.
Where a person claims to possess under a title, the limits of his possession are determined by the calls in his title, but where he possesses without a title the boundaries of his possession are determined by the land he actually possesses. So, in the latter case, when his actual possession without title begins by an enclosure, the boundaries of his possession are thereby fixed and that possession may be continued as already stated under Articles 3500, 3501 and 3502 of the Civil Code.
Indeed, not only is it unnecessary for the possessor under the thirty year prescription to show that he possessed for the full time by enclosures, but he does not have to show in all cases that his possession began by enclosures if he can otherwise show an actual possession of the land by other means. In the very recent case of Continental Land Fur Co., Inc., v. Lacoste,192 La. 561, 188 So. 700, 704, the Supreme Court, through Chief Justice O'Niell, in discussing a plea of prescription of thirty years urged in that case where the contention was made that the plea could not apply to land not actually possessed, had this to say: "The fact that the old residence had become uninhabitable, and that no one was living on the shell mound during a few years before this suit was filed, is not important, in the light of article 3502 of the Civil Code, which provides that one may retain civil possession of an estate, sufficient for the prescription of thirty years, `so long as there remain on it any vestiges of works erected by him; as, for example, the ruins of a house.'"
Through an oversight we failed to include in the decree a recognition of plaintiff's ownership of that small part of the tract of land in controversy lying east of the old Dykes Road of which defendant failed to show the necessary possession to acquire by prescription. The decree will be corrected in that respect and the rehearing refused.
For these reasons, the decree rendered herein is hereby amended so as to recognize the plaintiff as the owner of that part of the N.E. 1/4 of S.W. 1/4 of Section 25, Township 4 South of Range 7 in Tangipahoa Parish, situated in the northeast *Page 412 
corner of said forty and lying east of the old Dykes Road, and entitled to the possession thereof, and with this amendment of the decree, the application for a rehearing is refused.