KENNON, Judge.
Plaintiffs, alleging that they were the owners of a described lot fronting fifty-eight feet on Breard Street in the City of Monroe, Louisiana, and that the defendants were slandering their title by claiming ownership of the west twenty-two feet through certain recorded instruments and by public declarations, filed this suit asking that the defendants be ordered to disclaim all title to- this west strip of plaintiffs’ property or assert *498 their claim by proper action within sixty days from the date of final judgment. .
After an exception of no cause or right of action was overruled, defendants in answer admitted that they were claiming title to the twenty-two foot strip of land described in plainiffs’ petition, and set forth that they had been in possession of this property for many years and particularly since the first part of the year 1947.
The District Court resolved the issue of possession in favor of plaintiffs and rendered judgment ordering the defendants to institute suit in revendicatdon' of their rights within sixty days of the date the judgment became final.
Defendants appealed suspensively from this judgment and in this Court have filed a plea of prescription asserting that plaintiffs’ cause of action has prescribed for the reason that more than one year elapsed between the date of the alleged slander of title on the part of defendants and the time plaintiffs filed their suit.
In this .Court defendants have reurged their exception of no> cause or right of action. Paragraphs one, two and three of the petition set forth plaintiffs’ ownership of the property in suit and that they have been in actual physical possession of the property for more than a year prior to the institution of suit. Paragraph four sets forth that the adverse claims and slanderings of their title by defendants were continuous in nature and were being currently asserted at the very time the suit was filed. These allegations of1 ownership, possession and disturbance are a sufficient basis to support the jactitation suit and since same are accepted as true for the purposes of the exception, the defendants’ exception of no cause or right of action was properly overruled.
Plea of Prescription.
The answer contained an unqualified admission of paragraph four of plaintiffs’ petition. Paragraph four reads in part that the defendants “are also slandering the title of petitioners to the said above described property by publicly declaring and claiming that they are the owners of the West 22.76 feet * * * of petitioners’ said property.”
This judicial acknowledgment by defendants that they were engaged in a continuous and persistent public slandering of plaintiffs’ title makes unnecessary any further consideration of the plea.of prescription.
The particular strip of property in dispute adjoins and lies just east of property admittedly owned by defendants. It is the west 22.76 feet (described in surveyor’s plat as 22.65 feet) of the fifty-eight foot lot described in plaintiffs’ petition, which contains a house, fronting on Breard Street, with a garage apartment built in the rear. The garage apartment is ón the east portion of the fifty-eight foot lot to which defendants claim no title., The house is principally east of the disputed portion, but extends two feet westward over the twenty-two foot strip in dispute. The plaintiffs are husband and wife and have lived for many years in this house. They have constantly maintained the entire fifty-eight foot lot, including the disputed strip, as a yard, keeping the grass cut on the twenty-two foot strip the same as on the remainder of the lot. They have maintained a flower bed some four by ten feet on the portion of the disputed strip between their residence and the property admittedly owned by defendants. From year to year plaintiffs have gathered the fruit from a fig tree, whose limbs and foliage cover an area of the disputed strip some twelve to fifteen feet in diameter. Defendants establish no acts of possession of the disputed property within the year prior to institution of suit.
The last disturbance shown to plaintiffs’ possession was the tearing down in 1947 of a fence erected by plaintiffs along the west boundary of the strip in dispute. Notwithstanding the tearing down of this boundary fence, plaintiffs retained actual possession and use of the entire disputed strip from 1947 until February, 1950, when the present suit was filed. .
A previous suit'involving essentially the same dispute between the same parties, in which present plaintiffs sought to have the boundary fixed by the 'Court, was dismissed by this Court as of nonsuit. See Jackson *499 v. Davis, La.App., 43 So.2d 494. Defendants’ contention before -this Court in the present suit is that plaintiffs did not establish the possession necessary to support the present jactitation or slander of title suit, urging that possession as owner could riot be claimed by plaintiffs during the time in which the matter' of boundary between the two properties was in litigation.
In the case of International Paper Company v. Louisiana Central Lumber Company, 202 La. 639, 12 So.2d 659, 660, the Court stated the rule applicable to possession necessary to support the jactitation or slander of title suit in the following language : “It is well settled — and not disputed —that a jactitation suit, or an action for slander of titlé, can be maintained only by one who is in actual possession as owner, and only against one who is not in possession, of the property the title to which is sought to be quieted.”
Defendants have cited the case of Green v. George, 213 La. 739, 35 So.2d 595, as authority for the principle that the jactitation action is a form of the possessory action and is governed by the “rules thereon” of the Code of Practice. The two articles of the Code of Practice cited in brief are:
“49. Essential elements of possessory action. — In order that the possessor of a real estate, or one who claims a right to- which such estate may be subjected, may be entitled to bring a possessory action, it is required :
“1. That he should have had the real and actual possession of the property at the instant when the disturbance occurred; a mere civil or legal possession is not sufficient ;
“2. That he should have had that possession quietly and without interruption, by virtue of one of the titles prescribed in the forty-seventh article, for more than a year previous to his being disturbed; provided the possession of less than one year be sufficient, in case the possessor should have been evicted by force or 'by fraud ;
“3. That he should have suffered a real disturbance either in fact or in law;
4. That he should have brought his suit, at the latest, within the year in which the disturbance took place.
“When the possession of the plaintiff is accompanied with all those circumstances, it matters not whether he possesses in good or in bad faith, or even as a usurper, he shall,nevertheless be entitled to his posses-sory action.”
“59. Possessory Action — Prescriptive Period. — If one who is disturbed in or evicted from bis possession, suffer a year to elapse without bringing a possessory action, that action shall be prescribed, and he must then resort to a petitory action.”
The courts have held that the jac-titory action is governed- by the above articles as far as same are applicable to cases in which there has been no physical disturbance, but in which the possessor has been disturbed in his possession, by other than physical means. If the present action (filed February, 1950) had been a possessory one and plaintiffs’ petition had set forth the 1947 disturbance as the basis for the action under requirement number three of Article 49, it would of course have followed that such possessory action would be prescribed by virtue of requirement number four of the same article. However, the jactitory action by its very nature is such as to make requirements three and four of Article 49 inapplicable. The jactitory action was brought into being to provide proper remedy to a possessor, even though he has never suffered a “real disturbance either 'in fact or in law”.
The Louisiana courts have uniformly held that one who has been in actual undisturbed possession of real property for more than a year, and whose title is being currently slandered by adverse recorded title and adverse assertions of ownership, may maintain the jactitory action against the offending parties without reference to the existence vel non of a temporary act of disturbance occurring more than a year prior to institution of the jactitory suit. The case before us meets the requirements. Defendants have admitted the slander of title set forth in the petition. The actual *500 possession of the disputed strip for more than twelve months prior to the filing of this suit is shown to have been in plaintiffs. Under these facts, the existence of the recorded adverse title, or the prior pendency of a boundary suit, are alike no bar to plaintiffs’ present jactitation suit.
The judgment appealed from is affirmed, with costs.