194 So.2d 805 (1967)
Mrs. Guy R. CHAUVIN and Heirs of Guy R. Chauvin, Deceased, Plaintiff-Appellants,
v.
Mrs. Blanche LeCompte KIRCHHOFF, Defendant-Appellee.
No. 6772.
Court of Appeal of Louisiana, First Circuit.
January 30, 1967.
*807 Edmund J. Connely, Houma, for appellants.
Baron B. Bourg, Houma, for appellee.
Before LOTTINGER, REID and SARTAIN, JJ.
SARTAIN, Judge.
Plaintiffs herein appeal from an adverse judgment in the District Court, denying them relief sought in a possessory action. In their petition, they allege that they "at all times mentioned herein have been in possession, quietly and without interruption, as owners of the following described property, to-wit:"
"A certain tract or parcel of ground situated in the Parish of Terrebonne, State of Louisiana, on the right descending bank of the Bayou Little Caillou at a distance of about Thirty (30) miles below the City of Houma, Louisiana, and being comprised in Section 85, T-21-S, R-18-E; said tract measuring a front of One Hundred (100') feet on the right descending bank of the Bayou Little Caillou by a depth of Five Hundred (500') feet; said parcel of ground being bounded as follows: On the North by property belonging to Mrs. Blanche LeCompte Kirchhoff, on the South by property of Louisiana Land & Exploration Company, on the East by Bayou Little Caillou and on the West by property belonging to Mrs. Blanche LeCompte Kirchhoff, together with all the buildings and improvements thereon as well as all rights, ways, privileges and servitudes thereunto belonging or in anywise appertaining." (Emphasis ours)
They complain of being disturbed in their possession by the execution, recordation, and continuing existence of record of a certain conventional lease granted by defendant in favor of Gus Marie. The lease was dated February 27, 1963 and recorded the same date. This suit was filed on April 18, 1963.
Defendant contends that plaintiffs do not have standing to maintain this possessory action on grounds that plaintiffs have not enjoyed quiet and uninterrupted possession of the subject property for the year preceding the alleged disturbance, within the meaning of LSA-C.C.P. Art. 3658(2). In support thereof defendant introduced *808 evidence that a mineral lease granted by defendant on December 17, 1959, for a primary term of three years operated as a continuing disturbance until December 17, 1962. In connection with this lease defendant also executed a rental division order which was filed for record on January 20, 1960. Secondly, defendant had executed a right-of-way deed across Section 85 in favor of the State of Louisiana and the Department of Highways, which deed was dated March 17, 1960 and recorded on March 22, 1960, and continues to exist. Lastly, defendant filed copies of the assessment records of Terrebonne Parish, showing that Section 85, T-21-S, R-18-E, was assessed to her for the years 1961-1964, inclusive. Defendant rested her entire case on documentary evidence filed in the record in support of the aforementioned disturbances. She did not testify or call other witnesses. Thus, her defense consists exclusively of disturbances in law.
The trial judge held that there was some question as to the sufficiency of plaintiffs' proof relative to the exact location of whatever possession was actually exercised by them but that such question was moot in view of his conclusion that plaintiffs had failed to possess the property quietly and without interruption for more than a year immediately prior to the complained of disturbance. He held that the aforementioned mineral lease "is in fact a disturbance of any possession exercised by any one other than the lessor in that lease, and that it is a continuing disturbance." He further concluded that the "documentary evidence placed in the record by the defendant evidencing the granting and recordation of a right-of-way across Section 85, as well as the assessment of the property in the name of the defendant for the years 1961-1964 likewise tend to negate the fact that plaintiffs had the requisite quiet, undisturbed possession for one year immediately preceding the disturbance complained of." Accordingly, he found for the defendant and dismissed plaintiffs' action.
We believe that the District Judge erred in holding that the mineral lease and right-of-way deed, under the particular facts of this case, interrupted plaintiffs' quiet and peaceful possession to the extent that it barred their right to this possessory action.
Plaintiffs are the widow and surviving heirs of Guy R. Chauvin. They offered parol testimony to the effect that on November 15, 1945, Guy R. Chauvin purchased from the Terrebonne Parish School Board the property first hereinabove described, except that it was then and later thought to be in Section 86. Their father assumed immediate possession thereof and soon thereafter sold a school building which was located on the property to Essie Domangue. Domangue demolished the building and moved it to Bayou Little Caillou. Guy R. Chauvin died on October 5, 1946. Thereafter, Mrs. Guy R. Chauvin leased to Gus Marie a part of this "school property" to "put his buildings to be used as soft drink and grocery." This lease was undated but was to begin on April 1, 1951 and expire on March 31, 1952. Gus Marie executed another lease with Mrs. Guy R. Chauvin on April 1, 1962, which lease was for a period of one year beginning April 1, 1962 and ending March 31, 1963, covering the following described property:
"That portion of a lot measuring One Hundred (100') Feet front by One Hundred Fifty (150') Feet depth, on which said Gus Marie has his own buildings, this property being located on the right descending bank of Bayou Litte (sic) Caillou at Cocodrie, Louisiana, bounded above and in the rear by property of Robert B. Butler, in the front by the Bayou Little Caillou and below by property now or formerly belonging to Eugene L. LeCompte."
The above description does not recite the section, township or range numbers. Plaintiffs further urge in support of their possession, a lease executed in favor of Louisiana Packing Company, Inc., for a period *809 of three years, beginning April 1, 1960 and ending March 31, 1963, property therein described as follows:
"A certain lot or parcel of ground, situated in the Parish of Terrebonne, State of Louisiana, measuring a front of one hundred feet (100') on the right descending bank of Bayou Little Caillou, by depth of one hundred fifty feet (150') between parallel lines; bounded above and in the rear by property of Robert B. Butler, now or formerly, in front of the Bayou Little Caillou, and below by property now or formerly belonging to Eugene LeCompte; said lot is comprised in and is located at the Southeast corner of Section 86, Township 21 South, Range 18 East; together with all the rights, ways, privileges, and servitudes thereunto belonging or in anywise appertaining." (Emphasis ours)
It is noted that the above description places the property in the Southeast corner of Section 86, Township 21 South, Range 18 East. Louisiana Packing Company, Inc., also operated under the name of Chauvin Brothers. The testimony does not disclose the actual date Louisiana Packing Company, Inc., and/or Chauvin Brothers actually occupied this land and erected the buildings and wharf thereon. However, for the purpose of this opinion we shall conclude that the same occurred on or about the date that is set forth in their lease, which is April 1, 1960.
None of the aforementioned leases to Gus Marie or Louisiana Packing Company, Inc. were placed of public record.
Gus Marie, on February 27, 1963, entered into a lease with the defendant of the same property previously leased by him from plaintiffs. As stated above, it is this lease from defendant that occasioned this litigation. The evidence is clear that from April 1, 1951 until October of 1963, Gus Marie operated his soft drink and grocery business on a portion of the property subsequently leased to Louisiana Packing Company, Inc. From April of 1951 until February 27, 1963, he leased from plaintiffs. From February 27, 1963, until Hurricane Hilda destroyed his buildings in October of the same year, he leased from defendant.
On March 29, 1963, plaintiffs filed suit against Gus Marie for eviction. Marie answered, inter alia, claiming that he leased the property upon which he erected his buildings from plaintiffs upon their representation as owners but that a survey conducted by the Louisiana Department of Highways showed that the property occupied by him was situated entirely in Section 85, Township 21 South, Range 18 East. He further answered on information and belief that the entirety of Section 85, Township 21 South, Range 18 East is owned by Blanche LeCompte Kirchhoff and Eugene J. LeCompte. The evidence is clear that it was the survey by the Department of Highways that brought to the light the true fact that the property which Gus Marie leased from plaintiffs for twelve years is actually in fact situated in Section 85 rather than Section 86, Township 21 South, Range 18 East, as initially thought by plaintiffs. This corroborates the testimony of plaintiff, Roland Chauvin, to the effect that the first knowledge he had that the subject property was in Section 85 instead of Section 86 was when he went to collect the rent from Marie and the latter informed that he had made a new lease with defendant.
The question presented here is whether plaintiffs have the requisite possession to bring this action under LSA-C.C.P. Article 3658. Under this article, they must show (1) that they had the real and actual possession of the property at the time of the disturbance (LSA-C.C.P. Article 3658(1)), and (2) that this possession was quiet and without interruption for more than one year prior to the disturbance (LSA-C.C.P. Article 3658(2)).
We shall first direct our attention to the location and extent of the property plaintiffs allege to have possessed. For as *810 stated above, the trial judge questioned the sufficiency of plaintiffs' proof in this respect, but decided that this issue was moot in view of his determination that plaintiffs' possession was not quiet and uninterrupted for the required year.
Undoubtedly, the issue as to the location and size of the tract in controversy was clouded by the fact that plaintiffs claimed to own by virtue of a deed translative of title which described the property as being situated in Section 86, whereas in truth and fact it is located in Section 85, Township 21 South, Range 18 East. Plaintiffs further contend that their ancestor acquired a tract measuring one hundred feet front on the right descending bank of Bayou Little Caillou by a depth of five hundred feet; whereas the evidence offered by them in support of possession was confined to property of a depth of only one hundred fifty feet.
Defendant argues that plaintiffs purchased property that is physically located in Section 86, Township 21 South, Range 18 East, which lies to the north of and is adjacent to Section 85 and that this action is an effort on plaintiffs' part to enlarge plaintiffs' acquisition by tacking on that portion occupied by Gus Marie.
A copy of Guy R. Chauvin's deed of acquisition was not placed in the record by either plaintiffs in support of their contention to be maintained in possession of the full tract measuring one hundred feet by a depth of five hundred feet as described in their petition, or by defendant in support of her contention that plaintiffs actually purchased and still own a similarly described tract in the adjoining Section 86.
This is a possessory action and title is not at issue. LSA-C.C.P. Article 3661. We are here concerned only with the alleged right of plaintiffs to be maintained in possession of that property previously possessed by them. Accordingly, if plaintiffs have borne the burden of showing that they have actually physically occupied and possessed the subject property and have otherwise identified the same, it matters not whether it is in Section 86 or Section 85.
Plaintiffs are bound by their proof. The only evidence offered by them consists of two leases to Gus Marie and one lease to Louisiana Packing Company, Inc. The last lease to Gus Marie and the one to Louisiana Packing Company, Inc., clearly described the property therein leased as measuring one hundred feet front on Bayou Little Caillou by a depth of one hundred and fifty feet. Because of the alleged error in their deed of acquisition, coupled with the fact that the deed itself was not offered as evidence of possession thereof as owner (LSA-C.C.P. Article 3661), the principle that possession of a part is possession of the whole (LSA-C.C. Articles 3437, 3498) is not applicable. Plaintiffs do not possess by deed translative of title, however, this does not bar their right to maintain this action. LSA-C.C.P. Article 3660 provides authority for a person to maintain an action to be restored to possession of immovable property (1) when he has the corporeal possession thereof, or (2) when he has the civil possession thereof preceded by corporeal possession by him or his ancestors in title, and possesses for himself, whether in good or bad faith or even as a usurper.
The type of possession necessary to maintain a possessory action is identical in nature to the possession upon which is based acquisitive prescription of thirty years. Broussard v. Motty, La.App., 174 So.2d 246; Hill v. Richey et al., 221 La. 402, 59 So.2d 434; Broussard v. Louisiana Land & Exploration Co. et al., 164 So.2d 84.
The Supreme Court of Louisiana in Prevost's Heirs v. Johnson, 9 Mart., O.S., 123, 174, for the first time announced the principle "* * * When a person claims by possession alone, without showing any title, he must show an adverse possession by enclosures, and his claim will not extend beyond such enclosures". In Hill v. Richey, *811 supra, which concerned itself in part with a discussion of the articles of our code dealing with acquisitive prescription of thirty years and the requirement of enclosures as announced in Prevost's Heirs v. Johnson, supra, is contained the following: (59 So.2d 434, at 439-440)
"In the articles of our Code dealing with this prescription of 30 years, Articles 3499 through 3505, both inclusive, there is nothing which limits it to land possessed by enclosures for a period of 30 years. The only restriction is that announced in Article 3503 that `* * * in the prescription of thirty years, which is acquired without title, it extends only to that which has been actually possessed by the person pleading it'.
"In discussing these articles it was said by the Court of Appeal, First Circuit, in the case of Ranger Land Co., Inc., v. Story, 200 So. 649, 1 So.2d 410, 411, that `* * * There is nothing said or implied in these articles that in order to possess, the land must be enclosed for the entire time, or for that matter, that it must be enclosed at all'. It is well recognized, of course, that for the prescription of 30 years to be successfully pleaded the person pleading it must have the actual, physical, and corporeal possession of the property which he seeks to acquire by this period of prescription; that, when once this prescription has been commenced and established and has not been interrupted, it may be preserved by external and public signs announcing the possessor's intention to preserve the possession of the thing, and that in such case civil possession is sufficient to prescribe so long as there remain on the property any vestiges of works erected by the possessor, as, for example, the ruins of a house. C.C. Arts. 3501, 3502.
"We recognize also that under the jurisprudence a person claiming by possession alone and without title is required to show an adverse possession by enclosures, and that his claim will not extend beyond such enclosures. But, when this jurisprudence is considered with the articles of the Code announcing the law applicable to such cases, we do not think that a strict interpretation should be given to the word `enclosures'."
Adopting the above reasoning as applicable here, and while the evidence does not support the finding that plaintiffs possessed the entire tract as described in their petition, it does confirm their possession of the front portion thereof to a depth of one hundred fifty feet. Pictures presented in evidence corroborates the testimony to the effect that Gus Marie's building was immediately next to the building and wharf of Louisiana Packing Company, Inc. Both were included in and recognized as property possessed by plaintiffs. One or both of these buildings may be in Section 85 or Section 86, but this is a matter that concerns title and is not an issue in this present litigation.
We now turn to the question of whether plaintiffs had enjoyed quiet and uninterrupted possession of the subject property for the requisite one year prior to the disturbance giving rise to this litigation. In considering this issue, we bear in mind that the interruptions offered by defendant and sustained by the trial judge were the recordation of a mineral lease and the granting of a right-of-way deed, supported by tax assessment records in the name of the defendant.
This action is brought under the provisions of LSA-C.C.P. Articles 3655-3662, which merge the old possessory and jactitory actions into a broader possessory action. It is, therefore, essential to the determination of the issue herein presented to consider the law and jurisprudence prior to January 1, 1961, the effective date of Louisiana Code of Civil Procedure because cases presented since are not in point and have occasioned no change. Prior to the enactment of the Code of Civil Procedure we had two distinct causes of action, possessory and jactitory, available to the possessor as a legal remedy to aid in maintaining *812 or being restored to possession of immovable property or a real right. The possessory action was founded and regulated by our Codes. On the other hand, the jactitory action was a creature of our jurisprudence. The two actions could not be combined. The basic difference between these two actions concerned the type of disturbances involved.
The old possessory action, authorized by C.P. (1870) Arts. 6, 46 et seq., C.C. Arts. 3454, 3455, as a practical matter was predicated on a disturbance in fact, that is some physical action on the part of another that signaled to a possessor realization that his dominion was being seriously challenged. Hebert v. Chargois, La.App., 106 So.2d 15; Pittman v. Bourg, 179 La. 66, 153 So. 22, 24; Jones v. Goss, 115 La. 926, 40 So. 357. Notwithstanding the fact, that historically, the old possessory action as taken from the French law provided an action for a disturbance in law, subsequent jurisprudence defining such disturbances rendered it virtually impossible to bring a possessory action when there had been anything other than a physical disturbance. Accordingly, there followed the jactitory action to provide a remedy for a possessor whose possession was disturbed by acts other than physical, namely, disturbances in law.
The first jactitory or slander of title action in our jurisprudence is the case of Livingston v. Heerman, 9 Mart. (O.S.) 656, decided in 1821, and later recognized as having been borrowed from the Spanish law in Packwood v. Dorsey, 4 La.Ann. 90, where, as far as applicable, the basic rules of the possessory action were invoked. In Siegel v. Helis, 186 La. 506, 172 So. 768, (page 771) the Supreme Court of Louisiana stated:
"Since the decisions in Livingston v. Heerman and Packwood v. Dorsey, this court has repeatedly declared that the action of slander of title is a creature of the jurisprudence and not of the statutory law. Some of the cases so declaring are the following, viz.: Dalton v. Wickliffe, 35 La.Ann. 355; Remick v. Lang, 47 La.Ann. 914, 17 So. 461; Patterson v. Landru, 112 La. 1069, 36 So. 857; Williams' Heirs v. Zengel, 117 La. 599, 605, 42 So. 153."
The distinction between these two actions and the necessity for the jactitory action is clearly set forth in Patterson v. Landru, supra, at page 1074 of 112 La.; and 858 of 36 So.:
"The action of slander of title is not one of the actions provided for in the Code. It is the child of necessity. Without it the owner in possession would be helpless against the slanders of his title. Being in possession, he could not bring the petitory action; and, his possession being undisturbed, he could not bring the possessory action."
LSA-C.C.P. Article 3659 has effected an important change in the law, which as previously stated merges the former jactitory action into the broadened possessory action. It provides:
"Disturbances of possession which give rise to the possessory action are of two kinds: disturbance in fact, and disturbance in law.
"A disturbance in fact is an eviction, or any other physical act which prevents the possessor of immovable property or of a real right from enjoying his possession quietly, or which throws any obstacle in the way of that enjoyment.
"A disturbance in law is the execution, recordation, registry, or continuing existence of record of any instrument which asserts or implies a right of ownership or to the possession of immovable property or of a real right, or any claim of pretension of ownership or right to the possession thereof except in an action or proceeding, adversely to the possessor of such property or right."
In applying the above, to the issues in the instant matter, we have a lease to Gus Marie, duly recorded, which is a disturbance *813 in law. Marie's remaining on the property and thereafter paying rent to defendant, thus evicting plaintiffs is a disturbance in fact.
The acts, however, which defendant contends interrupted plaintiffs' quiet possession are the mineral lease and right-of-way deed, both disturbances in law, which prior to the enactment of LSA-C.C.P. Article 3659, did not amount to a disturbance of possession of a third party not privy to such contracts. Pittman v. Bourg, 179 La. 66, 153 So. 22; Rayson v. Beck, 19 So.2d 734; New Zion Baptist Church et al. v. Strain et aux, La.App., 39 So.2d 185; Hebert v. Chargois, La.App., 106 So.2d 15.
Our research has failed to produce a case where a disturbance in law has been urged to disrupt one's quiet possession and bar a subsequent possessory action for a disturbance in fact. This undoubtedly is due to the fact that prior to the enactment of the Code of Civil Procedure the two actions, jactitory and possessory, could not be combined and further that disturbances in law were not such acts as would clearly signal to a possessor that his dominion was being seriously challenged.
Consideration must also be given to previous jurisprudence because, unless the same has been overruled by LSA-C.C.P. Art. 3659, at the time this present litigation was instituted and because of the continuing nature of the disturbances alleged to have disquieted plaintiffs' possession, plaintiffs still had a right of action, jactitory in nature, to be maintained and if necessary quieted in their possession of the subject property even as to the mineral lease and the right-of-way deed. Jackson v. Davis, La.App., 49 So.2d 497; Green v. Chamberlain, La.App., 60 So.2d 120; and, Dixon v. American Liberty Oil Co., 226 La. 911, 77 So.2d 533 (Nov. 8, 1954, Rehearing denied Jan. 10, 1955).
In Jackson v. Davis, supra, we have the first expression by an appellate court (La. App., 2nd Cir. 1950) recognizing the rule that plaintiffs were entitled to maintain a jactitory action where the defamation was a continuing one, notwithstanding the fact that a physical active disturbance had occurred three years previously. The case of Green v. Chamberlain, supra, decided by us on June 30, 1952, is particularly controlling here. In the Green case, though admittedly jactitory, the plea of prescription was raised, claiming that the mineral lease executed by the defendant was recorded on May 11, 1948, and the suit was not instituted until March 24, 1950, more than a year had elapsed since the alleged disturbance of plaintiffs' possession. At page 124, we stated:
"In oral argument before this court counsel for defendant raised the question of prescription and have subsequently filed a formal plea of prescription, the basis of which is that as the oil, gas and mineral lease executed by defendant was recorded on May 11, 1948, and suit was not instituted until March 24, 1950, more than one year had elapsed, since the alleged disturbance of plaintiff's possession. They contend further that this form of action is governed by the same rules as apply to possessory actions and that, therefore, the prescriptive period of one year as set out in C.P. Articles 49 and 59 and LSA-C.C. Article 3536 is applicable here. This particular question appears to have been raised only once in our jurisprudence and then in the recent case of Jackson v. Davis, La.App., 49 So.2d 497, wherein the Court of Appeal for the Second Circuit held that C.P. Article 49 is not applicable to an action in jactitation and that, therefore, such an action may be brought even though a year has passed since the institution of the slander.
"Counsel for defendant have cited several cases decided by the Supreme Courts and Courts of Appeal which they contend stand for the proposition that the one year prescription period is applicable here. We have carefully examined *814 these authorities and none of them however, deal squarely with the question here presented. As stated before, the Jackson case, supra, seems to be the only case directly in point and as its rationale appears to be sound we have decided to follow it. In the Jackson case the court held that the slander was continuous or current due to the fact that defendant admitted in his answer his present slander by publicly declaring his ownership. The same situation is present here, as even though the lease was recorded more than a year previous to the filing of suit, it is, according to the stipulation of counsel, still of record and still effective and hence would likewise appear to be a current or continuing slander. In other words, we are of the opinion that the slander was not committed by the mere recordation of the lease but is being committed by the continued existence of the lease on record together with the acceptance of rentals by the lessor. We do not mean by this to voice our opinion as to whether a prescriptive period of more than one year may be applicable to suits of this nature; we are merely of the opinion that in the case of a continuing slander, as here, that suit is timely brought if instituted within one year from the time of the existence (as opposed to the initiation) of the slander." (Emphasis ours)
The latest expression on this point is found in Dixon v. American Liberty Oil Company, supra, (La.Sup.Court, Nov. 8, 1954, rehearing denied Jan. 10, 1955). Again defendants urge prescription of one year by Articles 49 and 50 of the Code of Practice and LSA-C.C. Art. 3456 which require that possessory actions be brought within one year after the disturbance took place. Here we had documentary titles as well as mineral leases which were placed of record before plaintiffs had any claim of ownership. The court stated in passing on the plea of prescription (page 539):
"We find no merit in this point. While it is true that these titles and other deeds, including the mineral lease, did not slander plaintiffs' titles at the time they were recorded, they have undoubtedly operated as a continuing slander from the date of plaintiffs' asserted prescriptive titles in view of the defendants' repeated claims that plaintiffs are without right to possession and that they, defendants, are in legal possession. And, because we regard these recordations, coupled with defendants' claims, as continuing slanders, it is clear that the actions are not prescribed as the slanders presently persist uninterruptedly as long as the inscriptions remain of record. See Jackson v. Davis, La.App., 49 So.2d 497 and Green v. Chamberlain, La.App., 60 So.2d 120. In Jackson v. Davis, the court doubted that the codal requirement, that the possessory action be brought within a year from the date of the disturbance, could fairly be applied to actions in jactitation forasmuch as those articles envisioned a physical disturbance of the plaintiff's possession as owner. We think that there is considerable substance in this view but it suffices here to hold that prescription has not run because of the continuing nature of the slanders." (Emphasis ours)
While C.C.P. Art. 3659 describes a disturbance in law as "the execution, recordation, registry, or continuing existence of record of any instrument" it cannot in our opinion, be construed to legislatively overrule the Jackson, Green and Dixon cases on the point of prescription. These cases clearly stand for the proposition that the controlling date for the commencement of the one year prescriptive period, where the disturbance is a continuing one as here, is not the date of registry or recordation, but is one year from the date said disturbance ceases.
The mineral lease was executed on December 17, 1959 and expired on December 17, 1962. Plaintiffs, under the authority of the last above quoted citations, had until December 17, 1963 to institute *815 suit for relief therefrom. This action was filed on April 18, 1963.
The right-of-way deed, which was placed of record on March 22, 1960, is offered as a disturbance in law, remains of record and continues to exist. Again applying the above authorities, plaintiffs' rights have not prescribed. Admittedly, the exercise of a servitude may result in a physical disturbance to the possessor, but this does not occur until the servitude is exercised and some work, such as the construction of a road or the building of a levee, has the practical effect of evicting the possessor from that portion of his land covered by the servitude. In this case, defendant relied solely on the granting and recordation of the right-of-way deed as a disturbance. While plaintiffs acknowledged knowing of the road and its proposed construction, there is not one scintilla of evidence that the right-of-way and the road constructed pursuant thereto crossed over or even touched the land claimed or possessed by plaintiffs.
We recognize here that the Jackson, Green and Dixon Cases cited above deal with LSA-C.C.P. Art. 3658(4) and the prescriptive period within which an action must be instituted to remedy the disturbance complained of. We also recognize that the issue in the instant matter pertains to LSA-C.C.P. Art. 3658(2) and the requirement of "possession quietly and without interruption for more than a year immediately prior to the disturbance". However, in attempting to recognize the distinction between and the requirements of these two sections, we are confronted with the fact that interruptions to one's possession as contemplated by LSA-C.C.P. Art. 3658(2) are of necessity one of two types, disturbances in fact or in law as defined by LSA-C.C.P. Art. 3659. There are no other types of interruptions to one's possession.
We are also confronted with the fact that now under the new Code of Civil Procedure both disturbances in fact and in law give rise to a single possessory action. Therefore, it does not appear logical to us to hold that a possessor would be entitled to maintain an action now that falls within the rule of the Jackson, Green and Dixon cases and at the same time conclude that he would be barred because of the same facts to institute a possessory action for a subsequent disturbance.
Accordingly, granting to LSA-C.C.P. Articles 3658 and 3659, the effect and purpose for which they were intended, it appears to us that a possessory action brought to remedy a disturbance in fact is not barred by a previous disturbance in law of a continuing nature, which intruded upon the one year requirement of quiet possession, so long as there also remains a right of action on the part of the possessor to act upon said disturbances in law.
Accordingly, for the above and foregoing reasons, the judgment appealed from is reversed and rendered to read as follows:
It is ordered, adjudged and decreed that judgment is rendered herein in favor of plaintiffs and against defendant, recognizing plaintiffs as entitled to the possession of the property in controversy herein, more particularly described and identified as follows, to-wit:
A certain tract or parcel of ground situated in the Parish of Terrebonne, State of Louisiana, on the right descending bank of Bayou Little Caillou at a distance of about Thirty (30) miles below the City of Houma, Louisiana, and being comprised in Section 85, T-21-S, R-18-E; said tract measuring a front of One Hundred (100') feet on the right descending bank of the Bayou Little Caillou by a depth of One Hundred Fifty (150') feet; said parcel of ground being bounded as follows: On the North by property belonging to Mrs. Blanche LeCompte Kirchhoff, on the South by property of Louisiana Land & Exploration Company, *816 on the East by Bayou Little Caillou and on the West by property belonging to Mrs. Blanche LeCompte Kirchhoff, together with all the buildings and improvements thereon as well as all rights, ways, privileges and servitudes thereunto belonging or in anywise appertaining.
and maintaining and quieting plaintiffs in their possession of the said property and ordering defendant forthwith to deliver possession thereof to plaintiffs.
It is further ordered, adjudged and decreed that the defendants, Mrs. Blanche Le Compte Kirchhoff, be and she is hereby ordered to assert any adverse claim of ownership to the property hereinabove described in a petitory action to be filed within sixty (60) days from the effective date of this judgment or be precluded thereafter from asserting the ownership thereof.
It is further ordered, adjudged and decreed that the costs of court in the district court and on appeal be assessed against defendant.
Reversed and rendered.