ELLIS, Judge:
These suits, which were consolidated for trial both in the district court and in this court, are slander of title actions, instituted prior to the enactment of the present Code of Civil Procedure. The property involved is some 1440 acres of land in Sections 2, 4, 5, 6, 9, 10, 11, 14 and 15, Township 17 South, Range 14 East, situated in Terre-bonne Parish, Louisiana.
Plaintiffs are the successors in title of E. C. Glenn and C. P. Gable, whose claim to the property is based on a tax adjudication made to them on July 20, 1908.
The defendant in the first suit is Robert P. Blanchard. The defendants in the second suit originally were Louisiana Land and Exploration Company, Cyril M. Coguenhem, Mrs. Marion Pfeifer, wife of Louis Abramson, Jr., Isidore Newman, II, individually and as tutor of his minor son, Edgar Leon Newman, Louis Carmadelle, Jr., Gustave Carmadelle, and Ally Mathes Coguenhem, widow of Paul E. Coguenhem.
Louis Carmadelle, Jr., and Gustave Car-madelle filed an answer alleging the transfer of their interest in the property to Robert P. Blanchard, and disclaiming any interest therein: They were formally dismissed from the suit and are no longer parties thereto.
In both suits, plaintiffs allege themselves to be in actual physical possession of the said property, and that they had been in possession for more than one year prior to-the date of the filing of the petition. They further allege that the defendants have-slandered, and continue to slander, the title of petitioners to said property by claiming-to own interests therein. They ask recognition of their possession and that defendants be ordered either to disclaim interest in the property or assert their claims within a reasonable time.
Defendant Blanchard filed an exception-alleging want of sufficient possession of the subject property by plaintiffs to support a slander of title action.
A similar exception was filed on behalf of Cyril M. Coguenhem.
A peremptory exception, alleging no< right of action on the part of plaintiffs because of not having been in possession of the property for one year prior to the filing-of the petition was filed on behalf of Mrs.. Abramson, the Newmans, Cyril M. Coguen-hem, and Ally Mathes Coguenhem.
The Louisiana Land and Exploration-. Company (hereafter referred to as L. L. & E.) filed an exception of want of possession and an exception directed at the-alleged failure of the plaintiffs to allege-adequately the specific acts on which they-base their possession.
Prior to a hearing on the various exceptions, plaintiffs and L. L. & E. entered' into a compromise agreement by virtue of which L. L. & E. disclaimed any interest in part of the disputed property, and each, party transferred to the other an undivided’ one-half of whatever interest they might, have in the remainder thereof.
A supplemental petition, alleging the-compromise, was filed by plaintiffs, the-prayer of which asked recognition of plaintiffs’ possession of that part of the property disclaimed by L. L. & E., and recognition-of plaintiffs’ possession of the remainder of the property for themselves and L. L.. & E. as owners thereof.
*180 L. L. & E. filed an answer in the suit in which it is a defendant which also alleges the compromise agreement, and which admits the essential allegations of plaintiffs’ petitions relative to possession and which joins in the prayer of plaintiffs’ supplemental petition.
In the Blanchard suit, plaintiffs filed a supplemental petition alleging the compromise and asking that L. L. & E. be made a party to that suit and asking for the same relief as in the other suit. L. L. & E. then filed an answer in the Blanchard suit essentially the same as that filed in the other suit and seeking the same relief.
Eventually, the cases were brought to trial on the exceptions, and extensive evidence was heard relative to the possession exercised by plaintiffs over the subject property.
The trial court sustained the exceptions of want of possession, rendering written reasons, and signed a judgment in favor of defendants, including L. L. & E., maintaining the exceptions and dismissing plaintiffs’ demands.
Plaintiffs filed a petition for a new trial and a hearing was had thereon on April 29, 1966. The minutes for that date reflect that the motion was granted by the court, the new trial being limited to the filing of briefs by the parties. On June 24, 1966, there appears in the record a judgment denying and dismissing the application for a new trial.
Plaintiffs and L. L. & E. thereupon perfected devolutive appeals to this court.
In his written opinion, the trial judge found that plaintiffs had, by virtue of the prayer of their supplemental petition, judicially confessed that they had possessed for someone other than themselves, and were thereby unable to stand as plaintiff in a possessory action under the provision of Article 3656 of the Code of Civil Procedure, which provides that a plaintiff in a possessory action must be one who possesses for himself.
He further found that plaintiffs’ petition . failed to allege that the action was brought within a year of the disturbance of possession, as required by Article 3658 of the Code of Civil Procedure, and the petition therefore was fatally defective.
Finally, he found that the possession exercised by plaintiffs did not fulfill the requirements of the law for the maintenance of a possessory or jactitory action, and that the action was not in fact instituted within a year of the disturbance of possession complained of.
Appellants take the position that the trial judge erred in all of the above findings.
The trial court based his holding as to the judicial confession on the provisions of Article 2291 of the Civil Code, which reads as follows :
The judicial confession is the declaration which the party, or his special attorney in fact, makes in a judicial proceeding.
It amounts to full proof against him who has made it. .
It can not be divided against him.
It can not be revoked, unless it be proved to have been made through an error in fact.
It can not be revoked on a pretense of an error in law.
In the original petition, plaintiffs alleged their possession adverse to L. L. & E., and L. L. & E., as a defendant, filed an exception of want of possession. Subsequently, by way of compromise, plaintiffs and L. L. & E. entered into the transaction here-inabove described, which had the effect of putting them in the same position as to most of the property, each being the owner of an undivided one-half interest.
The trial court was of the opinion that, once having denied the possession of plaintiffs, L. L. & E. could not subsequently be heard to admit it. However, he *181 overlooked the fact that L. L. & E., by virtue of the compromise, changed its position materially after filing the exception, and thereby merged its interests with those ■of plaintiffs. By filing its answer, alleging the compromise, L. L. & E. impliedly withdrew its exception of want of possession, prior to the trial thereof, which it had every right to do under the law.
To deny a party the right to change its position in a matter under litigation when that party has changed its position in fact by way of compromise would be to destroy the right of compromise in a ■suit in which there are multiple defendants. 'Such a situation as this is not contemplated by Article 2291, supra.
The same argument applies to the ruling of the trial judge that the allegation by plaintiffs in the supplemental petition, that their possession was for themselves and for the benefit of L. L. & E., made them ineligible as a plaintiff in a posses-sory or jactitory action.
He based his opinion on the following language of Article 3656 of the Code of Civil Procedure:
A plaintiff in a possessory action shall be one who possesses for himself.
He found that the allegation that the possession of plaintiffs was for themselves and for the benefit of L. L. & E. did not satisfy the above requirements. However, he once again failed to consider the effect ■of the compromise agreement, by which L. L. & E. specifically received the benefit of plaintiffs’ possession of the property .affected by the mutual transfer of interest which took place.
With reference to the holding that the allegations of plaintiffs’ petition were not sufficient, we find that' the trial judge once again fell into error. In the first place, since L. L. & E.’s exception had been abandoned, the question of the sufficiency of the pleadings was not before the court. In the second place, the condition of the law at the time of the institution of this suit was such as to render such an allegation unnecessary. See Jackson v. Davis, 49 So.2d 497 (La.App. 2, 1951). In the third place, plaintiffs should have been given an opportunity to amend their petition, had this been the sole ground for the dismissal of the suit.
With reference to the question of the adequacy of the possession enjoyed by plaintiffs, we find the following to be shown by the testimony and other evidence in the record:
The property in question is a tract of some 1440 acres, shaped somewhat like a horseshoe. The northerly portion thereof is wooded, and the southern portion is marshland. Most of the northern boundary of the tract is bounded by lands of Norman-Breaux Lumber Company, which maintains a painted line to mark the limits of its property. There are no improvements situated on the subject property. After their acquisition of the tract, the evidence shows that the plaintiffs, or their ancestors in title, sold timber off the property, leased it for trapping, and granted a number of mineral leases thereon. The men who trapped the property for a period of over ten years before the institution of the suit testified in the case, and it is clear from the testimony that they did, in fact, trap over all parts of the property up until the time of the institution of the suit. Some of them testified that they had marked the corners of the southerly line of the tract so as to delimit the same for trapping purposes.
The property was posted with signs in the thirties, and again shortly before the institution of the suit. Some person has had charge of the property for plaintiffs, with full supervision thereof, and authority to lease, police, and generally take care of the property for at least 25 years prior to the institution of this lawsuit
In evaluating the possession of plaintiffs, the trial judge applied the stand *182 ards of possession enunciated in Hill v. Richey, 221 La. 402, 59 So.2d 434 (1952), which requires that the nature of the possession requisite for the possessory action of one claiming without title is the same as that of the possession upon which is based the prescription of 30 years. This test is not applicable to the instant case, since plaintiffs are claiming under color of the 1908 tax title to Gable and Glenn. They are therefore entitled to the rule of law expressed in Articles 3437 and 3498 of the Civil Code, which provides that one claiming under color of title, who possesses part of the property claimed, is presumed to possess to the full limits of his title. We feel that the evidence fully establishes that plaintiffs have enjoyed sufficient possession of the property in dispute to satisfy the requirements of law.
The only evidence in the record to the contrary is that of some people who had hunted on the property without consent of plaintiffs or their agent; some testimony that a seismograph crew, acting under color of a lease granted by defendants, had been on the property for less than a day, many years before the suit; and testimony that defendants had, to plaintiffs’ knowledge, been assessed with and had paid taxes on an undivided interest in the subject property for some 20 years prior to the institution of the suit.
Of course, a trespass by unauthorized persons, not connected with defendants, could not inure to the defendants’ benefit. Neither, do we feel, in the light of the long and undisputed possession of the property enjoyed by plaintiffs that a brief use of the property by defendants’ lessee, more than a year prior to the institution of this suit could have the effect of destroying the legal effect of that possession. The assessment is, of course, a legal disturbance of plaintiffs’ possession, but in view of plaintiffs’ uninterrupted dominion over the property, both before and after the assessment was made, does not have the effect of interrupting or destroying their possession.
In view of the finding that plaintiffs have enjoyed sufficient possession to-maintain the possessory action, it is not necessary to consider the contention that where both parties have equal possession, neither can maintain the possessory or jactitory action.
For the above reasons, we are of the opinion that the trial court erred in maintaining the exceptions of want of possession filed herein. The judgment appealed from is reversed and the case remanded for trial on the merits, with all costs of this, appeal to be paid by appellees, and determination of other costs to await the final decision herein.
Reversed and remanded.