381 So.2d 915 (1980)
ROY O. MARTIN LUMBER COMPANY, INC. et al., Plaintiffs-Appellants,
v.
Wilbon J. LEMOINE, Defendant-Appellee.
No. 7477.
Court of Appeal of Louisiana, Third Circuit.
March 5, 1980.
*916 Gold, Little, Simon, Weems & Bruser, Herbert J. Mang, Jr., Alexandria, for plaintiffs-appellants.
Dupuy & Didier, Marc Dupuy, Marksville, for defendant-appellee.
Before DOMENGEAUX, FORET and SWIFT, JJ.
SWIFT, Judge.
The plaintiffs have appealed an adverse decision by the trial court in this possessory action.
The case involves a dispute over a 40 acre tract of land described as:
The Southwest Quarter of Southwest Quarter of Section 16, Township 2 South, Range 5 East, Avoyelles Parish, Louisiana.
The property was conveyed by Roy O. Martin, Sr. to his three sons, Ellis S. Martin, Roy O. Martin, Jr. and Norman K. Martin, by act dated May 2, 1958, along with some 5000 contiguous acres, all of which was generally known as the "Hyde-Desha Tract". Subsequently, the interests of the sons were transferred by Ellis S. Martin to Ellis Investments, Inc. (1969), Roy O. Martin, Jr. to Arbor, Incorporated (1974) and Norman K. Martin to NKM Partnership (1977). Roy O. Martin, Jr. and Norman K. Martin retained certain mineral interests in the property.
*917 It was established that the entire Hyde-Desha tract, including the forty acres in dispute, was managed by Roy O. Martin Lumber Company, Inc. for the record owners under verbal agreements.
In the original petition Roy O. Martin Lumber Co., Inc. was the only plaintiff, but thereafter the pleading was amended to join as additional plaintiffs the three transferees of the Martin sons and also Roy O. Martin, Jr. and Norman K. Martin. The amended petition further alleged that the lumber company was serving as the authorized agent for the true owners in its exercise of possession of the property.
The defendant, Wilbon J. Lemoine, denied the plaintiffs' possession of the forty acres in question and reconvened alleging that he was the possessor thereof under a 1965 deed.
Just before the trial began, on plaintiffs' motion, Roy O. Martin Lumber Co., Inc. was dismissed as one of the plaintiffs and their demand for damages was also dismissed.
After trial on the merits the trial judge concluded that neither plaintiffs nor defendant had shown sufficient acts of possession on the 40 acres to maintain a possessory action and he denied both the main and the reconventional demands at plaintiffs' costs.
Defendant Lemoine has neither appealed nor answered the plaintiffs' appeal.
According to Article 3658 of the Louisiana Code of Civil Procedure, to maintain a possessory action the possessor must allege and prove that:
"(1) He had possession of the immovable property or real right at the time the disturbance occurred;
"(2) He and his ancestors in title had such possession quietly and without interruption for more than a year immediately prior to the disturbance, unless evicted by force or fraud;
"(3) The disturbance was one in fact or in law, as defined in Article 3659; and
"(4) The possessory action was instituted within a year of the disturbance."
Plaintiffs first contend that the trial judge erred in excluding proffered evidence reflecting extensive corporeal possession by their ancestors in title of the larger tract of which the subject 40 acres is a part. The judge limited the parties to the introduction of evidence of their own acts of possession of the disputed 40 acres.
The basic requirement in possessory actions is corporeal possession by the plaintiff, or civil possession preceded by corporeal possession by the plaintiff or his ancestors in title. LSA-C.C.P. Art. 3660. In their petition, plaintiffs declare that they have had ". . . physical and corporeal possession . . ." of the property in dispute without interruption for more than a year. Defendant waived any objection in regard to vagueness of the petition through failure to timely except. Therefore, the plaintiffs were entitled to prove whatever possession they may have had, whether in their own right or through "tacking" of possession gained from their ancestors in title.
It is well established law that physical occupancy of any part of a tract specifically described in a deed with the intent to possess the whole will constitute possession of all of the property included therein. LSA-C.C. Art. 3437 and LSA-C.C.P. Art. 3661; Hill v. Richey, 221 La. 402, 59 So.2d 434 (La.1952); Rhodes v. Collier, 215 La. 754, 41 So.2d 669 (La.1949).
While in a possessory action the ownership or title of the parties to the property is not at issue, LSA-C.C.P. Art. 3661 provides that it is admissible to prove:
"(1) The possession thereof by a party as owner;
"(2) The extent of the possession thereof by a party; or
"(3) The length of time in which a party and his ancestors in title have had possession thereof."
The deed reflecting the transfers of this large acreage to plaintiffs explicitly include within its boundaries the 40 acres in question here.
*918 Defendant claims that the general rule that actual possession of part amounts to possession of the whole does not apply, because the constructive possession relied on by the plaintiffs did not exist due to the actual adverse possession by the defendant. Ernest Realty Company v. Hunter Company, 189 La. 379, 179 So. 460 (La.1938). While this is correct law, it is not applicable in the present case because the proof falls short of establishing that the defendant actually possessed any part of the 40 acres with which we are concerned.
Defendant's reliance on Gaulter v. Gennaro, 345 So.2d 92 (La.App. 1 Cir. 1977) also is unfounded. In that case the court held:
"Appellant relies on the principle that possession of the part by the record owner of property constitutes possession of the whole. On this basis, it is contended that since Appellant has had possession through his ancestors and on his own since this acquisition, he is deemed to possess to the limits of his land. Bolding v. Eason Oil Company, 248 La. 269, 178 So.2d 246 (1965). While we recognize the principle as well established law, we deem it not controlling in this instance. We so find because Appellee, being equally in possession of her adjoining tract, may also urge and claim the benefit of this same rule. We deem it further evident that in a case of this nature, possession must depend upon actual physical possession of a nature sufficient to give notice that the occupier intends to possess to limits, either natural or artificial, and which may be determined with reasonable certainty."
The defendant in this case is not in the same position as the appellee in Gaulter, as there is no indication that Mr. Lemoine owns or is in possession of any of the other land adjacent to the subject 40 acres.
The trial judge found that Mr. Lemoine did not have sufficient possession of this property, a conclusion with which we agree.
Mr. Lemoine admitted that he has never done anything which indicated that he was taking charge of the property physically. He never fenced, painted lines, erected signs, leased, sold or cut timber from the property. In fact he testified that he was only on the property three times, either hunting or just looking at it, and the last time took place after this lawsuit was filed.
On the other hand, evidence was proffered, that was admissible and should have been considered by the trial court, which establishes that plaintiffs and their ancestors in title had sufficient corporeal possession of other parts of the Hyde-Desha tract to constitute constructive possession of the whole and they had such possession in 1965 when the defendant allegedly acquired the disputed 40 acres.
The plaintiffs also have shown possession of a nature sufficient to give notice of an intent to possess to the full limits of their title.
The uncontradicted testimony was that trees along the entire outside perimeter of the Hyde-Desha tract were painted with yellow lines that identified Roy O. Martin ownership or management. This included the south line of the 40 acres involved herein. The meaning of such markings was well known to the defendant and also other inhabitants in the area.
John Munsterman, Martin's chief forester, who had been familiar with the property since 1959 when he first painted the boundaries, testified that the Hyde-Desha acreage had been subjected to two extensive logging operations, in 1961 and 1976, and some of the timber was cut on subject tract.
Further, under grants from plaintiffs or their ancestors in title most of the Hyde-Desha tract was leased to, posted and used by the Lakeview Hunting Club since the early 1970's; throughout the 1960's and 1970's a number of seismographic tests were conducted on parts of the 5000 + acres tract; oil pipelines were constructed across same; and the entire Hyde-Desha tract was leased for minerals under which three wells were actually drilled. Also, a portion of the large tract was leased for pasture.
*919 The evidence reflects a consistent policy of timberland management which involved property line tending and maintenance, timber cutting, regular physical observation, supervision of seismic, mineral, and pasture lease activity, as well as the payment of taxes.
We are convinced from our review of the record the defendant never exercised any actual adverse possession of the property and that the plaintiffs have proved sufficient possession to maintain this possessory action.
As to the other elements required to bring the action, defendant further contends that plaintiffs have not had quiet possession for more than one year prior to the disturbance; in other words, their possession was interrupted within such period contrary to LSA-C.C.P. art. 3658(2). The disturbances created by defendant prior to the institution of the action were all disturbances "in law".
"A disturbance in law is the execution, recordation, registry, or continuing existence of record of any instrument which asserts or implies a right of ownership or to the possession of immovable property or of a real right, or any claim or pretension of ownership or right to the possession thereof except in an action or proceeding, adversely to the possessor of such property or right."
LSA-C.C.P. art. 3659.
In this connection, the record contains copies of the defendant's purported deed of acquisition and an oil, gas and mineral lease which he executed implying ownership of the subject property, both having been recorded in Avoyelles Parish. Additionally, on August 8, 1978, defendant wrote a letter to Moncrief Oil Interests requesting the withholding of royalty payments to plaintiffs resulting from production on the property pending resolution of the defendant's claims to the property. All three, of course, were disturbances in law.
A disturbance in law does not prevent the possessor of an immovable from having the requisite quiet and uninterrupted possession for one year to successfully maintain a possessory action. Chauvin v. Kirchhoff, 194 So.2d 805 (La.App. 1 Cir. 1967); Tenneco Oil Co. v. Houston, 364 So.2d 1056 (La.App. 2 Cir. 1978).
As to the third requirement of such article of our Code of Civil Procedure, it already has been pointed out that the disturbances were in law, as defined in Article 3659.
The last requirement of Article 3658 is that the possessory action be brought within one year of the disturbance. When the disturbance is one in law, it amounts to a continuing disturbance. Thus, it is regarded as occurring not only on the date of recordation of the instrument, but each day thereafter as long as it exists. See the concurring opinion of former Justice Tate in Ree Corporation v. Shaffer, 261 La. 502, 260 So.2d 307 (La.1972).
For the foregoing reasons, that part of the judgment of the trial court which rejected the defendant's reconventional demand is affirmed; but otherwise it is reversed and judgment is hereby rendered in favor of the plaintiffs, Ellis Investments, Inc., Arbor, Inc., NKM Partnership, Roy O. Martin, Jr. and Norman K. Martin, and against the defendant, Wilbon J. Lemoine, recognizing and maintaining the plaintiffs' possession of the following described property:
The Southwest Quarter of Southwest Quarter of Section 16, Township 2 South, Range 5 East, Avoyelles Parish, Louisiana;
and ordering the defendant to file a petitory action asserting whatever adverse claim of ownership he may have to the said immovable property within sixty days after this judgment becomes final or thereafter be precluded forever from claiming the ownership thereof. All costs of this case are assessed to the defendant-appellee.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.