I! SAUNDERS, Judge.
Plaintiff-appellant, Simone L. Hebert Hawkins, appeals the trial court’s ruling sustaining defendant-appellee’s Exception of Prescription.

FACTS

On August 5, 1986, by Donation Inter Vi-vos, J. Hus Hawkins, donated 4.1 acres along with the home and improvements located on the land to his children, J. Hus Hawkins, II, Caree Marie Angelle, Cain C. Angelle, and reserved the usufruct of the property to his wife, Simone L. Hebert Hawkins, for the rest of her natural life. The Hawkins family made their home on the 4.1 acres until approximately May of 1988, when Ms. Hawkins and her children moved to Covington. J. Hus Hawkins remained, however, on the land until May 12of 1993, when he and his family were evicted by a sheriffs deputy. Between 1988 and May of 1993, the Hawkins’ family, i.e., Mr. Hawkins, Mrs. Hawkins, and/or their children, visited and stayed at the home regularly on weekends, holidays, and in the summer.
On May 6, 1993, John Wilson, who had acquired a tax deed to the 4.1 acres on May 4,1988, sold the tax deed and all of his rights to the property to The Ashuca Company (hereafter ASHUCA). Shortly thereafter, ASHUCA through its agent, Fernest J. Be-noit, asserted possession. He built a gate at the entrance to the home, installed his own lock, and placed a no trespassing sign at the entrance. When J. Hus Hawkins and his wife returned to the property after visiting the rest of the HAWKINS’ family in Coving-ton, they noticed the new gate, lock, and no trespassing sign. To gain entry onto the property, they cut the lock. During this visit to the land, Mr. Benoit and a deputy sheriff from the St. Landry Parish Sheriffs Office arrived on the scene and informed the HAWKINS that they were trespassing and would have to leave.
The HAWKINS left the home and have not returned since that day. They sought legal counsel and began appropriate legal action in order to regain possession of the property, in part, by the institution of a possessory action, the dismissal of which forms the basis of this appeal.

Issue Presented

Whether the trial court erred in sustaining defendant-appellant’s Exception of Prescription.
The possessory action is defined by Louisiana Code of Civil Procedure article 3655:
“The possessory action is one brought by the possessor ofjjimmovable property or of a real right therein to be maintained in his possession of the property or enjoyment of the right when he has been disturbed, or to be restored to the possession or enjoyment thereof when he has been evicted.”[1]
*768 The plaintiff who may bring the possessory action:
“... shall be one who possesses for himself. A person entitled to the use or usu-fruct of immovable property, and one who owns a real right therein possesses for himself.” La.Code Civ.P. art. 3656.
“In the possessory action, the ownership or title of the parties to the immovable property or real right therein is not at issue.” La.Code Civ.P. art. 3661 (Emphasis added).
Specifically, Louisiana Code of Civil Procedure article 3658 provides the following:
“To maintain the possessory action the possessor must allege and prove that:
(1) He had possession of the immovable property or real right therein at the time the disturbance occurred;
(2) He and his ancestors in title had such possession quietly and without interruption for more than a year immediately prior to the disturbance, unless evicted by force or fraud;
(3) The disturbance was one in fact or in law, as defined in Article 3659; and
|⅛(4) The possessory action was instituted within a year of the disturbance.” (Emphasis added.)
Furthermore, Louisiana Code of Civil Procedure article 3659 provides:
“Disturbances of possession which give rise to the possessory action are of two kinds: disturbance in fact and disturbance in law.
A disturbance in fact is an eviction, or any other physical act which prevents the possessor of immovable property or of a real right therein from enjoying his possession quietly, or which throws any obstacle in the way of that enjoyment.
A disturbance in law is the execution, re-cordation, registry, or continuing existence of record of any instrument which asserts or implies a right of ownership or to the possession of immovable property or of a real right therein, or any claim or pretension of ownership or right to the possession thereof except in an action or proceeding, adversely to the possessor of such property or right.”
The trial court ruled that a disturbance in HAWKINS’ possession occurred when John W. Wilson purchased the 4.1 acres at a tax sale on May 4, 1988. Additionally, the trial court held that HAWKINS’ possessory action prescribed because she failed to show that she had “possession or occupied” the property one year prior to that disturbance.
To resolve the legal problems presented in this case, we first address whether the purchase and filing of the tax deed was a disturbance in law of HAWKINS’ possession. Second, if the purchase and recordation of the tax deed was a disturbance in law, did HAWKINS have the requisite one year of possession prior to that disturbance necessary to bring a possessory action. Finally, if she did have the requisite possession one year prior to the disturbance, did she bring her posses-sory action timely, i.e., within the one year of the date of the disturbance.
Clearly, Louisiana Code of Civil Procedure article 3659 includes in its definition of a disturbance in law.of possession, the recordation of the tax deed, |swhich asserts or implies a right of ownership, purchased by Mr. Wilson at the sheriff’s tax sale. Without any further analysis of that disturbance in law, we would conclude that since HAWKINS’ possession was disturbed in law with the recordation of the tax deed on June 7, 1988, then clearly her possessory action filed *769 in August of 1993 would have prescribed pursuant to Louisiana Code of Civil Procedure article 3659, regardless of whether she had the requisite possession prior to the disturbance in her possession. A more thorough analysis of disturbance in law, however, reveals a different result.
“The last requirement of Article 3658 is that the possessory action be brought within one year of the disturbance. When the disturbance is one in law, it amounts to a continuing disturbance. Thus, it is regarded as occurring not only on the date of recordation of the instrument, but each day thereafter as long as it exists.” Roy O. Martin Lumber Co., Inc., v. LeMoine, 381 So.2d 915, 919 (La.App. 3d Cir.1980) (emphasis added).
For example, the execution and recor-dation of a mineral lease on property, without more, constitutes a disturbance in law, but not a disturbance in fact. That disturbance is ongoing and continuous, and interrupts the tolling of the one year prescriptive period for the filing of the possessory action every day until the lessee who recorded the lease takes some further action upon the lease. See, Graham v. McRae Exploration Inc., 493 So.2d 705, 708 (La.App. 2d Cir.1986); see also, Prieto v. St. Tammany Homesites, Inc, 602 So.2d 1111 (La.App. 1st Cir.1992) (maintaining a possessory action wherein deeds and mortgages recorded in the public record were held by the court to be a continuing disturbance, that plaintiffs were in possession at the time of the disturbance, and that they filed their possessory action within the one year prescriptive period); Chauvin v. Kirchhoff, 194 So.2d 805 (La.App. 1st (Cir.l967) (holding that a mineral lease is a continuing disturbance in law and the prescriptive period to bring the pos-sessory action is interrupted as long as the lease exists, thus the controlling date for the commencement of the one year prescriptive period is not the date of registry or recordation, but is one year from the date said disturbance ceases); Ree Corporation v. Shaffer, 261 La. 502, 260 So.2d 307 (1972) (concurring opinion by Justice Albert Tate points out that revised La.Code Civ.P. art. 3659 defining disturbance in law was intended to broaden the scope of the possessory action. Prior to the revision, a person possessing property against whom a disturbance in law took place could not bring a possesso-ry action because such an action was only provided for in cases where possession was disturbed in fact. In order to give the possessor a legal remedy, Louisiana jurisprudence developed the jactitory action, which led to the language in article 3659 defining disturbance in law.)
Therefore, we find that the trial court erred by failing to recognize that the disturbance in law caused by the recordation of the tax deed was ongoing and continuous.. The prescriptive period of one year from date of disturbance was in essence interrupted every day from the date that it was recorded and did not begin to run until HAWKINS’ actual eviction in May of 1993. It follows from this conclusion that HAWKINS’ possessory action filed on August 4, 1993, was well within the one year prescriptive period.
The trial court ruled that HAWKINS pos-sessory action prescribed because she did not have possession or occupy the property for more than one year prior to filing her posses-sory action. The trial court was clearly wrong in its interpretation of the law.
We make note of the following Louisiana Supreme Court case which explains the requirement of the one year of possession prior to the disturbance:
|7“It should ... be noted that the history of La.Code Civ.Pro.Ann. art. 3658 supports our conclusion that, in connection with the required one year of peaceful possession, prescription is not involved. The source of art. 3658 is art. 49 of the Code of Practice, which in turn corresponds to the 1806 French Code of Civil Procedure art. 23, and the official comment to Article 3658 assures us that no change has occurred in the law with the article’s incorporation in the Louisiana Code of Civil Procedure. French commentators have explained that the requirement of one year’s actual possession for the availability of the possesso-ry action is an emphasis on continuity, which expresses the quality of possession, and the period takes into account the agricultural cycle of preparation, planting and *770 harvesting. Such a period is no prescriptive right, but a procedural assurance of the fact of undisturbed possession.”
Todd v. State, Through Dept. of Natural Resources, 474 So.2d 430, 437-8 (La.1985) (footnote omitted) (emphasis added). The one (1) year of possession required by law prior to a disturbance in possession is a procedural requirement to maintain the action and not the prescriptive period. The fact that a person may have left his property for over a year does not bar his right to later return to the property, possess it for one (1) year, and assert his right to possess it in a possessory action. Once a possessor, however, has maintained possession for one (1) year and then his possession is disturbed, he must bring his possessory action within one year of that disturbance. Therefore, the pertinent issues for the trial court to decide were whether HAWKINS had been in possession of the property for more than a year prior to the disturbance and whether she filed the possessory action within one year of the disturbance.
Louisiana Civil Code articles 3421 and 3422 provide respectively:
“Possession is the detention or enjoyment of a corporeal thing, movable or immovable, that one holds or exercises by himself or by another who keeps or exercises it in his name.”
“Possession is a matter of fact; nevertheless, one who has possessed a thing for over a year acquires the right to possess it.” (Emphasis added.)
18Moreover, our Civil Code provides in articles 3431 and 3432 respectively:
“Once acquired, possession is retained by the intent to possess as owner even if the possessor ceases to possess corporeally. This is civil possession.”
“The intent to retain possession is presumed unless there is clear proof of a contrary intention.”
The undisputed facts in this case show that HAWKINS took possession of the property at the time of the donation and then earned the “right to possess”[2] one year after she lived on, occupied, and enjoyed the land and its improvements. Moreover, she retained that right to possess the property even though she may have ceased to have corporeal possession. Unless ASHUCA could have overcome by clear proof the aforementioned presumption, i.e., that HAWKINS manifested her intention to abandon the property or that she was evicted and failed to return and re-establish possession, she enjoys the right to possess and bring a possessory action.
The undisputed facts in this case establish that HAWKINS had possession of the property from the date the disturbance in law began up until her actual eviction in May of 1993. The burden of overcoming the presumption that she was in possession rested with ASHUCA. In this case, ASHUCA | ¡¡alleged that they met their burden by the requisite “clear proof’ despite the uncontra-dicted evidence showing that HAWKINS’ husband lived continuously on the land, that she and/or her children visited there on the weekends, on holidays, and in the summer, and that her daughter stayed at the home just weeks before ASHUCA evicted them. WTiile ASHUCA tendered evidence in the form of pictures taken after the HAWKINS eviction which showed that the property had deteriorated, and evidence that for several years HAWKINS failed to pay the taxes on the property, we find that evidence insuffi *771 cient to overcome the presumption provided the possessors by law. The trial court’s finding of fact were erroneous and manifestly wrong. Stobart v. State, DOTD, 617 So.2d 880 (La.1993) (defining manifest error/clearly wrong doctrine).
The evidence clearly shows that neither ASHUCA nor their ancestor in title, John Wilson, ever asserted any possession over the property prior to May of 1993. Not only did HAWKINS never lose her right to possess, but by her corporeal possession one year prior to the disturbance in May of 1993, she retained her procedural right to be restored to possession by a possessory action.
That procedural right would only have prescribed if she had failed to file it within one year of the disturbance in May of 1993. The record establishes that she filed the action in August of 1993, well within the prescriptive period.

Conclusion

For the foregoing reasons, the judgment of the trial court is reversed and it is hereby ordered that pursuant to Louisiana Code of Civil Procedure article 3663 Simone L. Hebert Hawkins be restored to possession of the property, and additionally, that The Ash-uca Company and Fernest J. Benoit assert their lipadverse claim of ownership with a petitory action to be filed within sixty (60) days after this court’s ruling becomes final. All costs of this appeal are assessed to defendants-appellees, The Ashuca Company and Fernest J. Benoit.

REVERSED AND RENDERED.

GUIDRY, C.J., concurs.

. "The purpose of a possessory action is to protect possession. It is part of the well-conceived and long-standing system of real actions for the protection of possession and ownership of immovable property, adopted by the Legislature and recognized by the courts of this state. The *768 concept of possession, established by our Civil Code, is designed as a first step in protecting ownership, whether acquired by acquisitive prescription, title, or otherwise.... The legislative reasoning in adopting this approach to the resolution of disputes over properly is self-evident. In most cases, those in possession of land are the owners, not squatters attempting to acquire ownership through acquisitive prescription. Rather than requiring these rightful owners to carry the heavy burden of proof, and expense, in establishing ownership, the Legislature allows one who is disturbed in his possession and who claims ownership to bring a possessory action against any person who evicts him or disturbs his possession. La.Code Civ.Pro.Ann. art. 3658. Because of the difficulty of proving ownership, the law permits a person in possession (normally the owner) to set aside disturbances of that possession simply upon proof of the right to possess rather than upon proof of ownership.” Todd v. State, Through Dept. of Natural Resources, 474 So.2d 430, 432-33 (La.1985).

. "We point out that the term, 'right to possess,' was not found in any French text, the Louisiana Civil Code of 1870, the Louisiana Code of Practice, or the Code of Civil Procedure. The term first appeared in Justice Tate's concurring opinion in the denial of an application for rehearing in Liner v. Louisiana Land and Exploration Co., 319 So.2d 766 (La.1975) and was subsequently adopted by the redactors in a 1982 amendment to La.Civ.Code Ann. art. 3422. It was apparently devised in recognition of the ‘confusion [which] has resulted in Louisiana from the use of the word 'possession' in the Civil Code and in the jurispmdence to denote both physical control and the right to possess,' the availability of a possessory action. Liner v. Louisiana Land and Exploration Co., 319 So.2d at 781. Thus, the 'right to possess' is little more than a shorthand method of saying that one has acquired the right to bring a possessory action. It does not involve any other consequence in Louisiana law and was never intended to alter the civilian scheme of real actions for the protection of possession and ownership of immovable property.” Todd, supra at 437.