942 So.2d 756 (2006)
Lane B. DAVIS and Jeanne D. Davis
v.
Stephen K. CONROY and Conroy Law Firm, A Professional Law Corporation.
No. 06-CA-321.
Court of Appeal of Louisiana, Fifth Circuit.
November 14, 2006.
Rehearing Denied December 11, 2006.
*757 Robert H. Matthews, Pauline M. Warriner, Attorneys at Law, New Orleans, Louisiana, for Plaintiff/Appellant.
Michael P. Mentz, Alayne R. Corcoran, Attorneys at Law, Metairie, Louisiana, Daniel A. Rees, Attorney at Law, Breaux Bridge, LA, for Defendant/Appellee.
Panel composed of Judges MARION F. EDWARDS, SUSAN M. CHEHARDY, and GREG G. GUIDRY.
GREG G. GUIDRY, Judge.
The Plaintiff, Lane B. Davis[1], appeals from the trial court ruling granting the exception of no cause of action filed by Defendants, Stephen K. Conroy and The Conroy Law firm (Conroy). For the reasons which follow, we reverse and remand.
The petition, filed on January 10, 2003, provides the factual background in this case. It is alleged that in June 1997 Plaintiff and his wife entered into a verbal agreement with his parents, Barbara Blundell Davis and Dr. Robert W. Davis, to purchase the family home located at 5225 Cleveland Place, in Metairie, for the sum of $350,000. On January 4, 1998, Plaintiff's mother died unexpectedly. At the time of her death, Plaintiff had just completed renovations on the Cleveland Place property and had moved in on January 1, 1998. The parties had not, however, gone to Act of Sale on the property prior to Mrs. Davis' death.
In July 2001, Plaintiff entered into an "Agreement to Purchase and Sell and Release of Claims Relating to Real Estate" on the Cleveland Place property with his three siblings whereby each of his siblings agreed to sell their interest in the property to Plaintiff for $38,500.00. Plaintiff's father refused to sign the agreement. In August 2001, Conroy was retained by Plaintiff and his three siblings to pursue the administration of Mrs. Davis' succession. Plaintiff's sister, Virginia Davis, was appointed Administratrix of the Succession. On October 1, 2001, Conroy filed a petition for authority to sell the Cleveland Place property. A Judgment Homologating Petition to Sell Immovable Property at Private Sale was entered on November 9, 2001. The Act of Sale was to take place within ninety days and was scheduled for February 2002. However, on January 18, 2002, Conroy informed Plaintiff that Plaintiff's father's position was adverse to his and that the Administratrix would not attend the Act of Sale. On February 1, 2002, Conroy informed Plaintiff that the Administratrix was prepared to comply with the Agreement to Purchase but only as to the one-half interest in the Cleveland Place property owned by the Succession of Plaintiff's mother.
In April 2002, Plaintiff's father filed a petition to nullify the November 9, 2001 judgment authorizing the sale of the Cleveland Place property and requested a preliminary injunction. On April 12, 2002, Conroy signed a document, Waiver of Service of Petition, Accompanying Notice, *758 Rules to Show Cause and Order of Court Assigning the Date and Hour of Trial Thereon and Of Preliminary and Permanent Injunction, without notifying Plaintiff of the relief being sought against him. Plaintiff contends that as a result of Conroy's acts and omissions, he has sustained damages.
In response, Conroy filed a Peremptory Exception of No Cause of Action or, in the Alternative, Motion for Summary Judgment. In the accompanying Memorandum, Conroy argues that Plaintiff's claims are perempted under La. R.S. 9:5605. More specifically, Conroy argues under La. R.S. 9:5605 Plaintiff has one year from the date of discovery of the alleged act or omission supporting the legal malpractice claim to file suit. In this case, according to Conroy, more than a year elapsed from the time Plaintiff discovered the act or omission allegedly giving rise to his claim and the day he filed suit. Conroy notes that Plaintiff hired another attorney, Ralph Alexis. Mr. Alexis reviewed the succession documents, participated in settlement negotiations and was made aware of any conflicting interests between Plaintiff and Conroy more than a year before suit was filed herein.
Following a hearing in which only argument was presented, the trial court, after taking the matter under advisement, rendered judgment on May 11, 2005, concluding "the Defendant's Exception of No Cause of Action is GRANTED." In the reasons for judgment the trial court found that "any alleged cause of action that the plaintiff may have had against the succession attorney is perempted, as a matter of law, under La. R.S. 9:5605." It is from this judgment that Plaintiff appeals.[2]
On appeal Plaintiff argues that the trial court erred in granting the exception of no cause of action because that exception must be decided on the face of the petition alone. The well pleaded allegations in the petition and amended petition do not show on their face that the case was untimely filed. Plaintiff also argues that the trial court erred in finding that Plaintiff knew or should have known of the alleged malpractice more than one year before he filed suit. Plaintiff contends that he did not know Conroy was taking a position that conflicted with his own until January 18, 2002, when he took action adverse to Plaintiff's interests by advising him that the Administratrix would not attend the scheduled sale of the Cleveland property. Plaintiff filed suit within a year of this event, on January 10, 2003.
Conroy argues that because his exception of no cause of action was grounded on peremption under La. R.S. 9:5605, it should be treated like a prescription exception in which evidence may be introduced to support the objection when the grounds thereof do not appear in the petition. On the merits, Conroy argues that when Plaintiff hired another attorney who participated in settlement negotiations regarding the succession, Plaintiff knew or should have known of the alleged acts of legal malpractice involving Conroy's conflict of interest. Therefore, Plaintiff's suit, filed more than a year thereafter, is untimely.
It is well settled that reasons for judgment do not form part of the judgment. Appeals are taken from adverse judgments, not from opinions of the court. The trial court's written reasons, while defining the principles upon which the court is deciding a case, form no part of *759 the official judgment from which the appeal is taken. Vintage Contracting, L.L.C. v. Dixie Bldg. Material Co., Inc., 03-422 (La.App. 5th Cir.9/16/03), 858 So.2d 22. In this case, the trial court ruling, notwithstanding the reasons for judgment, only granted Conroy's exception of no cause of action.
It is also well settled that an exception of no cause of action must be considered on the face of the petition and any amendments thereto. In this case, the petition and amendments do not evidence the fact that Plaintiff's case is untimely. Such a conclusion can only be reach upon consideration of attachments to the memorandum in support of the exception, which is impermissible in considering an exception of no cause of action.
Conroy points out that the no cause of action exception was filed in the alternative with a motion for summary judgment. Since attachments can be considered with a motion for summary judgment, Conroy argues that the Court should consider the attachments herein. We disagree.
The trial court did not rule on the motion for summary judgment but rather ruled only on the exception of no cause of action, consideration of which is limited to the petition and any amendments thereto. Furthermore, even if we were to consider the motion for summary judgment, action favorable to Conroy would be precluded by the existence of material issues of fact which are not to be resolved on motion for summary judgment.[3]
Under La. C.C. art. 3460 peremption may be noticed by the court on its own motion. This may very well occur upon remand. However, because this appeal is before us on an exception of no cause of action/ motion for summary judgment, which was argued in the trial court without a hearing and the presentation of evidence, we cannot resolve the peremption issue on the record before us. Thus, we must remand the case for a hearing and the presentation of evidence or trial on the merits for resolution of the necessary factual questions.
Accordingly, for the reasons set forth, the judgment of the trial court, granting the Conroy's exception of no cause of action, is reversed and the case is remanded for further proceedings consistent with the views expressed herein. Costs for this appeal are to be divided between the parties.
REVERSED AND REMANDED
NOTES
[1] Lane Davis' wife was originally a named plaintiff in this lawsuit but was dismissed on a defense exception of no right of action. That ruling is not part of this appeal.
[2] A subsequent order was entered by the trial court on a Stipulated Motion to Amend Judgment to include Conroy's professional liability insurer, Continental Casualty Company. Plaintiff also perfected his appeal as to this amended judgment.
[3] Conroy takes the position that peremption began to run when Plaintiff hired his own attorney. Plaintiff takes the position that peremption didn't begin to run until Conroy took official action adverse to Plaintiff's interests. It appears more likely that the peremptive period began to run sometime between the two perimeter points asserted herein, and, the resolution of this question requires a factual determination.