JUDE G. GRAVOIS, Judge.
 

 l2The plaintiffs have appealed the trial court’s grant of the defendant’s Exception of Prescription/Peremption. For the reasons that follow, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 The facts are taken from the plaintiffs’ Petition for Damages for legal malpractice filed on January 10, 2003. Plaintiffs, Jeanne and Lane Davis, allege that in June 1997 they entered into a verbal agreement to purchase the home owned by Lane’s parents, Dr. Robert Davis and Mrs. Barbara Davis, located at 5225 Cleveland Place in Metairie, Louisiana. Before the property was sold, however, on January 4, 1998 Mrs. Barbara Davis died. Mrs. Davis was survived by her husband, Dr. Davis, and four adult children, Lane Davis, Robert Davis, Jr., Virginia Davis and Diana Davis Brooks. The Cleveland Place property went into Mrs. Davis’ succession since the property was still owned by Dr. and Mrs. Davis at|sthe time of Mrs. Davis’ death. In August 2001, the Davis children sought the services of the defendant, Stephen Conroy
 
 [1]
 
 , to assist in opening the succession.
 

 In October 2001, Mr. Conroy filed in Mrs. Davis’ succession proceeding a Petition for Authorization to sell the Cleveland Place property and a Judgment ho-mologating the petition was entered on November 9, 2001. A dispute involving the sale of the property developed between the plaintiffs and Dr. Davis. Plaintiffs contended that $107,703 previously paid to Dr. and Mrs. Davis were prepayments for the property, while Dr. Davis stated these monies did not represent prepayments. Plaintiffs allege that on February 1, 2002 they were informed by the defendant that the administratrix was only authorized to sell one-half interest in the Cleveland Place property. At this point, the closing of the Act of Sale was moved to April 16, 2002. However, before the act of sale was consummated, Dr. Davis filed a petition to nullify the judgment authorizing the sale and for a preliminary injunction enjoining the sale. Plaintiffs contend that Mr. Conroy signed a waiver of service of this petition and
 
 *872
 
 effectively consented to the injunctive relief requested without the posting of a bond.
 

 In their petition, plaintiffs allege Mr. Conroy’s failure to notify Lane of the relief being sought demonstrated “a clear conflict of interest in violation of the Rules of Professional Conduct and the standard of care of lawyers practicing in this community.” The petition further alleged that they incurred additional substantial costs, that Mr. Conroy failed to “include or to pursue other assets of the estate,” and has “stymied” plaintiffs’ attempt to determine a proper evaluation of the estate. Plaintiffs alleged that as a result of Mr. Conroy’s failure to object and notify them of Dr. Davis’ petition, they suffered substantial losses to facilitate their purchase of the Cleveland Place property.
 

 |4In response to this petition, defendant filed an Exception of No Cause of Action, or in the alternative, a Motion for Summary Judgment. In this exception, defendant argued plaintiffs’ claims are preempted under LSA-R.S. 9:5605. The trial court agreed and granted the exception. Plaintiffs appealed. On appeal, this Court found the trial court erred in ruling on an Exception of No Cause of Action by considering documents other than the petition and amended petition.
 
 Davis v. Convoy,
 
 06-321 p. 5 (La.App. 5 Cir. 11/14/06), 942 So.2d 756, 759,
 
 writ denied,
 
 07-0073 (La.3/9/07), 949 So.2d 449. The matter was remanded “for a hearing and the presentation of evidence or trial on the merits for resolution of the necessary factual questions.”
 
 Id.
 

 On remand, defendant filed an Exception of Prescription/Peremption. Defendant argued he never agreed to represent plaintiff Lane Davis and was acting solely as the succession attorney at all times. Defendant further argued that plaintiffs knew or should have known of the facts giving rise to the allegations of malpractice by December 2001, thus preempting any cause of action against defendant for malpractice under LSA-R.S. 9:5605. In response, plaintiffs argued the proper vehicle for asserting an exception of peremption is an Exception of No Cause of Action and objected to the admission of any evidence on this issue.
 

 At the hearing on the exception, defendant offered various letters and documents to support his contention that plaintiffs’ claim had prescribed. Plaintiffs objected to the admission of evidence. The trial court overruled the objection and allowed the evidence to be admitted. Plaintiffs argued that the act of negligence complained of was the signing of the waiver of service and bond that occurred on April 12, 2002, making the petition filed on January 10, 2003 timely. The trial judge took the matter under advisement, then rendered judgment granting |5the exception and dismissing plaintiffs’ suit with prejudice. This timely appeal followed.
 

 LAW AND DISCUSSION
 

 On appeal, plaintiffs contend the trial court erred in granting the Exception of Prescription/Peremption because they did not have a cause of action against defendant until April 12, 2002, making the petition filed on January 10, 2003 timely.
 

 Defendant responds that the evidence established that plaintiffs’ claim is preempted under LSA-R.S. 9:5605 and jurisprudence. Defendant points out that the plaintiffs hired an attorney, Robert Alexis, III, to represent them in purchasing the Cleveland Place property and to represent Lane in the succession. Defendant asserts that plaintiffs had one year from the date that their attorney, Mr. Alexis, reviewed and participated in succession issues to allege any cause of action in legal malpractice against defendant. Defendant asserts that the evidence is un
 
 *873
 
 disputed that no later than December 2001, Mr. Alexis was aware of the specific facts that plaintiffs allege gave rise to plaintiff’s legal malpractice claim. Defendant concludes that because the action for malpractice was not commenced within one year of when plaintiffs knew or should have known of the alleged conflict of interest, the action is prescribed.
 

 The time limits to file legal malpractice actions are set forth in LSA-R.S. 9:5605, which provides in pertinent part:
 

 A. No action for damages against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless | ñfíled in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
 

 The prescription periods set forth in this statute are peremptory.
 
 Atlas Iron and Metal Co. v. Ashy,
 
 205-458, p. 4 (La. App. 3 Cir. 1/4/06), 918 So.2d 1205, 1210,
 
 writ not considered,
 
 06-0296 (La.4/28/06), 927 So.2d 276. Accordingly, both the underlying cause of action and the legal right to bring that cause of action to court dissolve at the end of the specified periods of limitation.
 
 Id.
 

 The peremption period begins to run when a client knows or should have known that a lawyer’s actions or inaction may cause the client to incur damages, thereby creating a cause of action for legal malpractice. Consequently, courts have to determine when a client “knew of the existence of facts which would have enabled him to state a cause of action for legal malpractice.”
 
 Dauterive v. Landry and Watkins,
 
 01-1112, p. 18 (La.App. 3 Cir. 3/13/02), 811 So.2d 1242, 1255. It is also possible for a client to have constructive knowledge of facts sufficient to “place a reasonable man on notice that malpractice may have been committed,” such that the one year peremption period will begin to toll.
 
 Id.
 
 Louisiana courts have consistently held that “the knowledge of an attorney, actual or otherwise, is imputed to his or her client.”
 
 Andre v. Golden,
 
 99-689, p. 8 (La.App. 5 Cir. 12/21/99), 750 So.2d 1101, 1104,
 
 writ denied,
 
 00-174 (La.3/17/00), 757 So.2d 643.
 

 If evidence is introduced at the hearing on the exception of prescription, the district court’s findings of fact are evaluated under the manifest error standard of review.
 
 Alexander v. Fulco,
 
 39,293 (La. App.2d Cir.2/25/05), 895 So.2d 668,
 
 writ denied,
 
 05-0781 (La.5/6/05), 901 So.2d 1107.
 

 |7Applying this law to the facts of this case, we find the trial court correctly granted defendant’s exception. Plaintiffs’ Petition for Damages filed against defendant claimed defendant “breached his fiduciary duty and otherwise acted, or failed to act, in a negligent fashion, and has acted in a clear conflict of interest in violation of the Rules of Professional Conduct and of the standard of care of lawyers practicing in this community, all causing harm to plaintiffs.” According to Lane’s deposition,
 
 *874
 
 he sought the services of Mr. Alexis to help him acquire the Cleveland Place property. According to Mr. Alexis’ deposition, this took place in June 2001. Lane also testified that he met with defendant because it was his understanding that he could not get the Cleveland Place property in his name “until the succession was open.” According to defendant’s deposition, this meeting took place in August 2001.
 

 Several letters written by defendant or someone in his firm were admitted into evidence. These letters, dated between November 1, 2001 and December 7, 2001, address various assets of the succession including but not limited to the Cleveland Place property. Several of these letters were addressed to Mr. Alexis. Mr. Alexis was sent a copy of the letters that were addressed to Lane. Specifically, the letter dated December 7, 2001 from defendant addressed to Lane and his siblings references a meeting that took place with Lane and Mr. Alexis “to address the original proposal to settle all of the claims
 
 in globo
 
 arising from the Succession of Barbara Davis.” This letter explains the conflicts and presents, among other things, a recommendation on how to resolve the disposition of various succession assets, including the Cleveland Place property. The letter concludes by stating “As you know, our firm represents the Estate and is assisting in the effort to settle these controverted issues.”
 

 18This evidence clearly shows that there was a disagreement between Dr. Davis, Lane, and the other heirs as to how the assets of the succession should be distributed. If we adopt plaintiffs’ position that Mr. Alexis represented them solely to procure the Cleveland Place property and defendant represented Lane regarding the Cleveland Place property and all other aspects of the succession, the evidence makes it clear that plaintiffs were aware of the conflict of interest even before the December 7, 2001 letter. Plaintiffs’ claim that the first act by defendant that was actionable as legal malpractice was the signing of a Waiver of Service of Petition for Preliminary Injunction on April 12, 2002 is without merit. The evidence makes it clear that plaintiffs had notice prior to that date and certainly by December 7, 2001, that the defendant’s acts in handling the succession were in conflict with the manner in which the plaintiffs wanted to purchase the Cleveland Place property. This evidence leaves no doubt that the suit for legal malpractice filed by plaintiffs on January 10, 2003 was untimely because it was filed more than one year from when plaintiffs knew or should have known that they had a claim for conflict of interest against the defendant. Accordingly, the trial court correctly found plaintiffs knew or should have known of the facts giving rise to the alleged legal malpractice claim against defendant by December 2001 at the latest.
 

 Plaintiffs’ argument that the trial court erred in admitting evidence at the hearing on defendant’s exception as well their complaint regarding lack of notice that evidence would be received is also without merit. In remanding this matter to the district court, this Court stated “we must remand the case for a hearing and presentation of evidence or trial on the merits for resolution of the necessary factual questions.”
 
 Davis,
 
 p. 5, 942 So.2d at 759.
 

 Plaintiffs’ argument that the defendant’s exception should not have been granted because the mere conversion of that Motion for Summary Judgment to an |i)Exception of Prescription/Peremption does not resolve the material issues of fact noted by this Court in the first appeal is without merit as well. At a hearing on a
 
 *875
 
 peremptory exception pleaded prior to the trial of the case, evidence may be introduced to support or controvert any of the objections pleaded on a peremptory exception when the grounds for the exception are not apparent from the face of the petition. LSA-C.C.P. art. 931. When evidence has been introduced, the court is not authorized to accept the plaintiffs allegations as true.
 
 Schoen v. Walling,
 
 31,598 (La.App. 2 Cir. 2/24/99), 728 So.2d 982, 985. The burden of proof on the prescription issue lies with the party asserting it unless the plaintiffs claim is barred on its face, in which case the burden shifts to the plaintiff.
 
 Waldrop v. Hurd,
 
 39,855 (La.App. 2 Cir. 6/29/05), 907 So.2d 890. In the instant case, the action was not prescribed on the face of the petition because plaintiffs alleged that the defendant committed acts of malpractice within one year of the date that the action was filed. Thus, defendant had the burden of proving the action was prescribed and the burden did not shift to plaintiffs. Defendant carried this burden through the submission of evidence, including deposition testimony and correspondence showing the plaintiffs knew or should have known of defendant’s alleged conflict of interest more than one year before suit was filed.
 

 Lastly, we reject plaintiffs’ argument that the petition alleges separate facts and separate torts with different per-emption periods. Plaintiffs’ petition alleges a conflict of interest by defendant in his alleged representation of both the succession and Lane as an heir of the succession. This is a single tort with a single peremp-tive period.
 
 See, Dauterive Contractors, Inc.,
 
 p. 26, 811 So.2d at 1259. As discussed above, the petition was filed in excess of one year of when plaintiffs knew or should have known of the alleged conflict of interest and the trial court correctly found the action to be prescribed.
 

 |
 
 inCONCLUSION
 

 For the foregoing reasons, the judgment of the trial court is affirmed.
 

 AFFIRMED.
 

 [1]
 

 . Stephen Conroy, the Conroy Law Firm, and Continental Casualty Company as the professional liability insurer of Conroy were all named as defendants in this matter and are collectively referred to herein as “defendant.”