STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT
09-1018 c/w 09-1200

DALTON JOHN MEAUX

VERSUS

ELIZABETH HENSGENS MILLER, CHARLES NICHOLAS HENSGENS, III, CRAIG ROBERT HENSGENS, MARY ELIZABETH HENSGENS WETZEL, CATHERINE ELAINE HENSGENS, BRIAN KEITH HENSGENS, KARL JUDE HENSGENS, NOBLE ROYALTIES, INC., MacLONDON ROYALTY I, LP, MacLONDON ENERGY, LP, MONTIERRA MINERALS & PRODUCTION (f/k/a NGP ROYALTIES, LT), ET AL.

*********
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT,
PARISH OF VERMILION, NO. 87119-C
HONORABLE EDWARD BROUSSARD, DISTRICT JUDGE

*********

J. DAVID PAINTER
JUDGE

*********

Court composed of John D. Saunders, Marc T. Amy and J. David Painter, Judges.

**AFFIRMED.**

Samuel E. Masur
Matthew D. Lane, Jr.
400 East Kaliste Saloom Rd., Ste. 4200
P. O. Box 81829
Lafayette, LA 70598
Counsel for Plaintiff-Appellant:
        Dalton John Meaux

Bernard H. Ticer
Beverly K. Baudouin
2200 Energy Centre, 1100 Poydras St.
New Orleans, LA 70163
Counsel for Defendants-Appellees:
        Noble Royalties, Inc. and The Noble Grantees

F. John Reeks, Jr.
Sarah A. Kirkpatrick
Kristin Kay Robbins
Tenth Floor, Louisiana Tower
401 Edwards St.
Shreveport, LA  71101
Counsel for Defendants-Appellees:
Eagle Rock Production, L.P., MacLondon Royalty I, L.P., MacLondon Energy, L.P., and Montierra Minerals & Production (f/k/a NGP Royalties, L.P.)

**PAINTER, Judge.**

Plaintiff, Dalton John Meaux, appeals the trial court's judgment granting exceptions of prescription filed by Defendants, Noble Royalties, Inc. (Noble), Eagle Rock Production, L.P. (Eagle), MacLondon Royalty I, L.P. (MacLondon Royalty), MacLondon Energy, L.P. (MacLondon Energy), and Montierra Minerals & Production (f/k/a NGP Royalties, L.P.) (Montierra). For the following reasons, we affirm the trial court's judgment.

## FACTS AND PROCEDURAL HISTORY

The subject of this appeal is a tract of land consisting of approximately 9.39 acres in Section 6, Township 12 South, Range 1 East, Vermilion Parish, Louisiana (the AVRICO property). The original record owner of the tract was the now defunct Acadia-Vermilion Rice Irrigation Company (AVRICO). In October 1998, a mineral lease on the AVRICO property was executed in favor of Murphy Exploration & Production Company by parties not made parties to the suit . In October 2003, the lease was amended in favor of Noble and MacLondon Royalty. MacLondon Royalty sold its interest in the lease to MacLondon Energy and Montierra. The minerals underlying the tract were incorporated into a drilling and production unit designated MT RU SUE. Production from a well in the unit, but not located on the disputed property, began on February 23, 2006. On June 25, 2007, Meaux filed a Petition for Possessory Action asserting that he and his predecessors had possession of the AVRICO property since 1912 and that he personally had possession since 1980. Meaux asked that he be recognized as having a right to possession of the AVRICO property, that Defendants be ordered to assert their claim of adverse possession in a petitory action, and that he be awarded damages, interest, and costs.

Defendants, Noble, Eagle Rock, MacLondon Royalty, MacLondon Energy, and Montierra, filed exceptions of prescription asserting that more than one year passed between the date on which Meaux's alleged possession was disturbed by the mineral production and the date on which the suit was filed. After a hearing, the trial court granted the exceptions. Meaux appeals.

**DISCUSSION**

Plaintiff's case herein turns on his argument that he owns the property in question as a result of acquisitive prescription arising from thirty years continuous possession. *See* La.Civ.Code arts. 3446 and 3486. Plaintiff does not argue that the record shows proof as required by La.Civ.Code art. 3476 of "continuous, uninterrupted, peaceable, public, and unequivocal" "corporeal possession or civil possession preceded by corporeal possession, to acquire a thing by prescription." *Id.* Rather, Plaintiff argues that for purposes of the exception of prescription, the allegations of his petition must be accepted as true. In his petition, he alleges that he and his ancestors in title have possessed the property for more than thirty years prior to the disturbance.

However, La.Code Civ.P. art. 931 provides, in pertinent part, that except in the case of an exception of no cause of action: "On the trial of the peremptory exception pleaded at or prior to the trial of the case, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition." Further, "[w]hen evidence has been introduced, the court is not authorized to accept the plaintiff's allegations 'as true.' *Schoen v. Walling*, 31,598 (La.App. 2 Cir. 2/24/99), 728 So.2d 982, 985." *Davis v. Conroy*, 09-142, p. 4 (La.App. 5 Cir. 10/13/09), ___ So.3d ___.

2

Defendants introduced evidence to show that Plaintiff did not have possession of the mineral rights underlying the property for the year prior to suit as required by La.Code Civ.P. art. 3658, which states that:

> To maintain the possessory action the possessor must allege and prove that:
>
> (1) He had possession of the immovable property or real right therein at the time the disturbance occurred;
>
> (2) He and his ancestors in title had such possession quietly and without interruption for more than a year immediately prior to the disturbance, unless evicted by force or fraud;
>
> (3) The disturbance was one in fact or in law, as defined in Article 3659; and
>
> (4) The possessory action was instituted within a year of the disturbance.

Plaintiff introduced no evidence either that he and his ancestors in title had possessed the property for thirty years or that the possessory action was filed within a year of the disturbance.

Plaintiff further asserts that the disturbance was one in law rather than in fact. In support of his argument, Plaintiff cites *Roy O. Martin Lumber Co., Inc. v. Lemoine*, 381 So.2d 915, 919 (La.App. 3 Cir. 1980), which states that:

> The last requirement of Article 3658 is that the possessory action be brought within one year of the disturbance. When the disturbance is one in law, it amounts to a continuing disturbance. Thus, it is regarded as occurring not only on the date of recordation of the instrument, but each day thereafter as long as it exists.

La.Code Civ.P. art. 3659 defines disturbances in law and in fact as follows:

> Disturbances of possession which give rise to the possessory action are of two kinds: disturbance in fact and disturbance in law.

3

A disturbance in fact is an eviction, or any other physical act which prevents the possessor of immovable property or of a real right therein from enjoying his possession quietly, or which throws any obstacle in the way of that enjoyment.

A disturbance in law is the execution, recordation, registry, or continuing existence of record of any instrument which asserts or implies a right of ownership or to the possession of immovable property or of a real right therein, or any claim or pretension of ownership or right to the possession thereof except in an action or proceeding, adversely to the possessor of such property or right.

This court has found that: "A disturbance in fact is any *physical act* which prevents the possessor from enjoying his immovable property quietly or which becomes an obstacle to that enjoyment." *LePrettre v. Progressive Land Corp.*, 01-1660, p. 7 (La.App. 3 Cir. 6/19/02), 820 So.2d 1240, 1246 (emphasis added). While mineral leases are not a physical act, production is a physical act which prevents the possessor from enjoying his property quietly or is an obstacle to the enjoyment of his property, in this case minerals.

Accordingly, we find no error in the trial court's grant of the exception of prescription. Defendants showed a disturbance in fact which occurred more than a year before Plaintiff filed suit.

CONCLUSION

For these reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to the Plaintiff, Dalton John Meaux.

**AFFIRMED.**