STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

THOMAS KILPATRICK AND CYNTHIA KILPATRICK

VERSUS

SALINE LAKESHORE, LLC

**********
APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, DOCKET NO. 2014-421
HONORABLE KERRY L. SPRUILL, DISTRICT JUDGE
**********

SYLVIA R. COOKS
JUDGE

**********

Court composed of Sylvia R. Cooks, Jimmie C. Peters, and James T. Genovese, Judges.

REVERSED AND REMANDED.

Peters, J., concurs in the result.

Charles A. Riddle, III
208 E. Mark St.
P.O. Box 608
Marksville, LA  71351-0608
(318) 240-7217
ATTORNEY FOR PLAINTIFFS/APPELLANTS
    Thomas Kilpatrick and Cynthia Kilpatrick

Rodney M. Rabalais
P.O. Box 447
Marksville, LA  71351
(318) 253-4622
ATTORNEY FOR DEFENDANT/APPELLEE
    Saline Lakeshore, LLC

**COOKS, Judge.**

Thomas and Cynthia Kilpatrick have been married for nearly twenty years. Together they have possessed two tracts of land on Horse Island located on Saline Lake in Avoyelles Parish, with movable camps sitting on said tracts, for the entirety of their marriage.

On March 4, 2013 and April 18, 2013, Thomas Kilpatrick received two certified letters pertaining to the tracts of land from Saline Lakeshore, LLC (hereafter Saline). The first letter informed Mr. Kilpatrick that the land in question was owned by Saline, and if the Kilpatricks had any interest in keeping the movable camps or "houseboats" on that property, a lease (which accompanied the letter) would need to be executed. Approximately one week after receipt of the March 4, 2013 letter, Mr. Kilpatrick went to the office of Saline's attorney to discuss the matter. The April 18 letter took a more forceful tone and set a deadline of May 15, 2013, for the petitioners to comply with the request to execute a lease or face eviction and be charged with criminal trespass under La.R.S. 14:63. The Kilpatricks did not comply with the letters' requests to execute the lease, but no action was taken by Saline.

On April 24, 2014, the Kilpatricks filed a possessory action against Saline alleging they had been disturbed in their possession by Saline. In the petition, the Kilpatricks stated they were "disturbed . . . of their peaceful possession and are now unable to have the free and unfettered use and enjoyment of the property."

Subsequent to the filing of the possessory action, Saline filed a peremptory exception of prescription, noting that under La.Code Civ.P. art. 3658 a possessory action must be filed within one year of a disturbance in law or in fact. Saline maintained the Kilpatricks "judicially admitted in their petition that they were 'disturbed' in their possession when Saline 'sent letters and words. . .to remove

their camps.'" These letters, dated March 4, 2013 and April 18, 2013, were sent and received more than one year before the possessory action was filed, thus Saline contended the action was prescribed.

A hearing on the exception of prescription was held. At that hearing, Saline admitted into evidence both letters sent to the Kilpatricks. The evidence adduced at the hearing established after receiving the March 4, 2013 letter, Mr. Kilpatrick went to the office of counsel for Saline, Rick Farrar. Mr. Kilpatrick testified at the hearing as follows:

> Q: Okay. Then when you went to Rick Farrar's office did he tell you anything that put you in, in fear, or it gave you great concern about the property where your house boat is located on Horse Island?
>
> A: Yea, I was something was in there about being arrested if I went back.
>
> Q: Okay. And so you had concern about your property that the property that you were possessing?
>
> A: Yes.

Mr. Kilpatrick also testified, subsequent to the receipt of the letters from Saline, he sold his houseboat located on the property on Horse Island to his brother. Mr. Kilpatrick maintained he did not sell his possessory interest in the lots, and he and his wife continued to enjoy the possession of the two lots. After approximately one year passed, Mr. Kilpatrick bought back the houseboat from his brother for the same price.

The trial court granted Saline's exception of prescription, finding the Kilpatricks received "actual notice which has not been disputed" which "impl[ied] a right of ownership on behalf of, of Saline[.]" The trial court found the letters "caused a disturbance in the lives of the possessors such that they felt that legal action was, was imminent that they were being challenged[.]" Judgment was

2

rendered maintaining Saline's exception of prescription on July 23, 2015. This appeal followed.

## ANALYSIS

In *Dugas v. Bayou Teche Water Works*, 10-1211, pp. 4-5 (La.App. 3 Cir. 4/6/11), 61 So.3d 826, 829-30, we reviewed the law pertaining to the exception of prescription:

> The peremptory exception of prescription is provided for in La.Code Civ.P. art. 927(A)(1). When the exception of prescription is tried before the trial on the merits, "evidence may be introduced to support or controvert [the exception] when the grounds thereof do not appear from the petition." La.Code Civ.P. art. 931.
>
> > When an exception of prescription is filed, ordinarily, the burden of proof is on the party pleading prescription. *Lima v. Schmidt*, 595 So.2d 624, 628 (La.1992). However, if prescription is evident on the face of the pleadings, as it is in the instant case, the burden shifts to the plaintiff to show the action has not prescribed. *Id.*; *Younger v. Marshall Ind., Inc.*, 618 So.2d 866, 869 (La.1993); *Williams v. Sewerage & Water Bd. of New Orleans*, 611 So.2d 1383 (La.1993).
>
> *Eastin v. Entergy Corp.*, 03-1030, p. 5 (La.2/6/04), 865 So.2d 49, 54.
>
> If evidence is introduced, the trial court's findings of fact are then subject to a manifest error analysis. *London Towne Condo. Homeowner's Ass'n v. London Towne Co.*, 06-401 (La.10/17/06), 939 So.2d 1227. If no evidence is introduced, then the reviewing court simply determines whether the trial court's finding was legally correct. *Dauzart v. Fin. Indent. Ins. Co.*, 10-28 (La.App. 3 Cir. 6/2/10), 39 So.3d 802.

On the trial of a peremptory exception of prescription, evidence may be introduced to support or controvert any of the objections pleaded. La.Code Civ.P. art. 931. When evidence is introduced into the record and evaluated by the trial court at the trial of a peremptory exception, then the appellate court should not disturb the factual findings of the trial court absent manifest error. *Dugas*, 61 So.3d 826. The Kilpatricks contend the trial court erred in maintaining Saline's exception of prescription, arguing the letters from the attorney, "in and of

[themselves], without any further action, [are not] sufficient to satisfy the burden of proof necessary to cause a disturbance in fact of possession under Louisiana law."

The Kilpatricks argue the letters sent from Saline's attorney are not disturbances in fact, but rather disturbances in law. The trial court when pressed by counsel for the Kilpatricks stated he found the letters were a disturbance in fact. Louisiana Code of Civil Procedure Article 3659 defines disturbances in fact and law, and provides:

> Disturbances of possession which give rise to the possessory action are of two kinds: disturbance in fact and disturbance in law.
>
> A disturbance in fact is an eviction, or any other physical act which prevents the possessor of immovable property or of a real right therein from enjoying his possession quietly, or which throws any obstacle in the way of that enjoyment.
>
> A disturbance in law is the execution, recordation, registry, or continuing existence of record of any instrument which asserts or implies a right of ownership or to the possession of immovable property or of a real right therein, or any claim or pretension of ownership or right to the possession thereof except in an action or proceeding, adversely to the possessor of such property or right.

The categorization of the disturbance in this case is vital, as this court in *Roy O. Martin Lumber Co., Inc. v. Lemoine*, 381 So.2d 915, 919 (La.App. 3 Cir.1980), held that "[w]hen the disturbance is one in law, it amounts to a continuing disturbance. Thus, it is regarded as occurring not only on the date of recordation of the instrument, but each day thereafter as long as it exists." The April 18, 2013 letter specifically stated that no action would be taken until May 15, 2013. The possessory action was filed on April 24, 2014, which is within one year from the date any proposed action that would have interfered with the Kilpatrick's possession of the property was to occur. Therefore, if the disturbance is one of law rather than fact, the possessory action would not have prescribed.

4

This court in *LePrettre v. Progressive Land Corp.*, 01-1660, p. 7 (La.App. 3 Cir. 6/19/02), 820 So.2d 1240, 1246 (emphasis added), found "[a] disturbance in fact is any *physical* act which prevents the possessor from enjoying his immovable property quietly or which becomes an obstacle to that enjoyment." Recently, in *Meaux v. Miller*, 09-1018 (La.App. 3 Cir. 3/10/10), 33 So.3d 406, held that a mineral lease was not a physical act, although we did find any actual production on the property as a result of the lease would be a physical act which prevents the possessor from enjoying his property. Similarly, in *Graham v. McRae Exploration Inc.*, 493 So.2d 705, 708 (La.App. 2d Cir.1986), the appellate court held the execution and recordation of a mineral lease on property, without more, constitutes a disturbance in law, but not a disturbance in fact.

In *Hawkins v. Ashuca Co., Inc.*, 94-506 (La.App. 3 Cir. 12/21/94), 649 So.2d 766, we found the trial court erred in failing to recognize that a disturbance in law caused by the recordation of the tax deed was ongoing and continuous. The prescriptive period of one year from date of disturbance was in essence interrupted every day from the date that it was recorded and did not begin to run until the actual eviction. Thus, it followed that the possessory action filed well within one year of the actual eviction was not prescribed.

The case of *Chauvin v. Kirchhoff*, 194 So.2d 805 (La.App. 1 Cir.1967), involved a possessory action based entirely on a disturbance in law, a recorded right-of-way servitude. The court in *Chauvin* stated:

> The right-of-way deed, which was placed of record on March 22, 1960, is offered as a disturbance in law, remains of record and continues to exist. Again applying the above authorities, plaintiffs' rights have not prescribed. Admittedly, the exercise of a servitude may result in a physical disturbance to the possessor, but this does not occur until the servitude is exercised and some work, such as the construction of a road or the building of a levee, has the practical effect of evicting the possessor from that portion of his land covered by the servitude. In this case, defendant relied solely on the granting

and recordation of the right-of-way deed as a disturbance. While plaintiffs acknowledged knowing of the road and its proposed construction, there is not one scintilla of evidence that the right-of-way and the road constructed pursuant thereto crossed over or even touched the land claimed or possessed by plaintiffs.

A review of the jurisprudence indicates the letters sent to the Kilpatricks are at most a disturbance in law. The record established there was no physical disturbance of the Kilpatricks' possession at any point in these proceedings. Despite the threats in the letter of April 18, 2013, no eviction occurred nor were any criminal charges for trespass brought.

Having concluded the letters from Saline's attorney were a disturbance in law, we consequently find the one-year prescriptive period had not yet run when the Kilpatricks filed their possessory action. As stated above, the April 18, 2013 letter specifically stated that no action would be taken until May 15, 2013. The possessory action was filed on April 24, 2014, which is within one year from the date any proposed action that would have interfered with the Kilpatricks' possession of the property was to occur. Thus, the one year period within which to file the possessory action would not have prescribed. The trial court erred in granting the exception of prescription.

## DECREE

For the foregoing reasons, the judgment of the trial court granting the exception of prescription is reversed. All costs of this appeal are assessed to defendant-appellee, Saline Lakeshore, LLC.

**REVERSED AND REMANDED.**

6